843 So.2d 950 (2003)
Mark P. ARZUMAN, a/k/a Mark P. Arzoumanian, a/k/a Mark P. Arzumanian, Appellant,
v.
Shamsah SAUD and Lawrence Bunin, as Personal Representative of the Estate of Prince Bandar Bin Saud Bin Saad Bin Abdulrahman Al-Saud, et al., Appellees.
No. 4D02-1021.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
*951 Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellant.
Lawrence Bunin of Lawrence Bunin, P.A., Plantation, and Steven A. Feinman, Davie, for appellees.
KLEIN, J.
Appellant Arzuman is engaged in litigation with the appellees arising out of a horse related business called Rainbow Jumpers, Inc. Based on his conflicting testimony in which he claimed to own shares of stock in the corporation, but also claimed that the corporation was owned entirely by appellee Saud, the trial court dismissed all of his claims with prejudice for committing perjury and fraud on the court. We reverse, concluding that this testimony was not intended to deceive the court but rather was the result of Arzuman's ignorance of corporate structure.
Arzuman is of Armenian descent, was raised in Saudi Arabia and Lebanon, and did not learn to speak English until he was twenty-five years old. Appellee Saud, who is apparently an absentee owner of Rainbow Jumpers, Inc., had a son known as Bin, who allegedly operated the business with Arzuman. Arzuman's relationship with Bin began in Saudi Arabia in the early 1980's, and they both came to the United States in the late 1980's because of the war in Lebanon. After Bin died in a plane crash in 1998, Bin's brother took over the operation of Rainbow Jumpers, Inc. and ousted Arzuman. This litigation is an attempt by Arzuman to enforce agreements he claims were made by Bin.
In his early pleadings Arzuman alleged that the corporation was owned and/or controlled by Saud and/or her son. Arzuman filed an amended pleading, however, stating that he was the owner of all outstanding shares of the corporation, attaching a copy of a certificate for 100 shares of stock issued to Arzuman in 1992.
Before filing these pleadings, Arzuman had testified in an unemployment compensation hearing that his employer, Rainbow Jumpers, Inc., was owned entirely by Saud. Subsequently he testified in this *952 case that he was the sole shareholder of Rainbow Jumpers, Inc. and that he knew of no other person who owned a share of stock in the corporation. A 1995 corporate tax return, signed by Arzuman, who was an officer, stated that Saud was the sole shareholder.
Arzuman testified that the 100 shares of stock were given to him to protect his interest in a prior partnership when the assets of that partnership were placed into Rainbow Jumpers, Inc. He did not know how many shares had been issued, how many Saud owned, or what percent his 100 shares represented. When asked the difference between a shareholder and an owner, Arzuman answered: "A owner owns the company, a shareholder owns shares. That's what is in my way of relating." He stated that, even though he owned shares in the company, he was "not the owner of the company," and had never referred to himself as the owner.
The sole basis for the trial court's finding that Arzuman had perpetrated a fraud on the court and committed perjury was the inconsistency between Arzuman's testimony that he owned 100 shares of stock and his testimony that Saud was the sole owner of the corporation.
Because dismissal with prejudice for fraud on the court is such an extreme remedy, the fraud must be demonstrated by clear and convincing evidence. As the court explained in Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998):
The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117-18. Because "dismissal sounds the `death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. at 1118. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992). Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances. Id.; Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994).
In the cases cited by appellees, in which the ultimate sanction has been upheld, claimants were attempting to conceal information by making statements under oath which were revealed to be false when the defendants uncovered the truth.[1] In contrast, in this case Arzuman did not conceal. His belief that he could own 100 *953 shares of stock at the same time that Saud was the sole owner of the corporation was always out in the open. His amended complaint contained allegations and referred to documents which referred to Arzuman as the sole shareholder and to Saud as the owner of the corporation. These statements do not reflect an attempt to perpetrate a fraud on the court, but rather demonstrate Arzuman's lack of understanding of corporate structure. Dismissal with prejudice was therefore not warranted. Simmons v. Henderson, 745 So.2d 1031 (Fla. 2d DCA 1999)(reversing a dismissal for fraud on the court where plaintiff's misstatements were the result of confusion). Reversed.[2]
POLEN, C.J., and HAZOURI, J., concur.
NOTES
[1] See e.g. Cox; Hogan v. Dollar Rent A Car Sys., Inc., 783 So.2d 1211 (Fla. 4th DCA 2001); Desimone v. Old Dominion Ins. Co., 740 So.2d 1233 (Fla. 4th DCA 1999); Savino v. Fla. Drive In Theatre Mgmt., 697 So.2d 1011 (Fla. 4th DCA 1997); Morgan v. Campbell, 816 So.2d 251 (Fla. 2d DCA 2002); Leo's Gulf Liquors v. Lakhani, 802 So.2d 337 (Fla. 3d DCA 2001); Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999); Stalvey v. Branton, 743 So.2d 633 (Fla. 5th DCA 1999).
[2] Appellees attempt to support their position that the dismissal should be affirmed by relying on additional allegedly untrue testimony given by Arzuman on matters which may not have related to these claims, such as his marital status. The trial court, however, did not find that these statements constituted fraud or perjury. Even if they were false, they may not have been material. The crime of perjury by contradictory statements has, as an element, that the statements must be material. § 837.021(1), Fla. Stat. (2000). A dismissal of claims for fraud on the court should be limited to those claims to which the fraud pertained. Kornblum v. Schneider, 609 So.2d 138 (Fla. 4th DCA 1992).