902 So.2d 181 (2005)
Barbara RIOS, Appellant,
v.
Richard MOORE, and Melissa Kaye Moore, Appellees.
No. 3D03-1459.
District Court of Appeal of Florida, Third District.
February 16, 2005.
Rehearing and Rehearing Denied June 10, 2005.
*182 Neufeld, Kleinberg & Pinkiert, and David Kleinberg, for appellant.
Frances F. Guasch, and Luis E. Ordonez, for appellees.
Before COPE, FLETCHER, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied June 10, 2005.
RAMIREZ, J.
Barbara Rios appeals the trial court's dismissal with prejudice of her personal injury case. We reverse, holding that Rios's actions did not rise to the level of fraud on the court.
On June 2, 2001, while walking across the 12th Street and Washington Avenue intersection, Rios was struck by an automobile driven by Melissa Moore, flipping her in the air and causing her to land on her back. Rios suffered head contusions, bleeding and lacerations to her head and lacerations to her back. She was taken to the hospital, where she complained of injuries to her back, neck and head. Rios received medical treatment for her back and neck and went to physical therapy two to three times per week. She had an MRI of her back and neck.
Rios sued Moore and Richard Moore as owner of the car, to recover damages for the injuries she sustained in the accident. During discovery Rios verified twice, under oath, that she sustained injuries to her upper back, neck and head as a result of the subject accident. At her deposition, she confirmed that she continued to have pain to her neck, shoulder and back "almost every day." Due to her severe back pain, Rios discontinued going to the gym. Rios also experienced numbness and tingling in both hands since the car accident. She took pain medication for her back pain and her depression.
In her interrogatories, Rios revealed that she had been in a prior accident in May 2000, where she sustained a minor injury to her left shoulder. In her deposition testimony, Rios stated that she did not remember the name of the doctor who treated her after the May 2000 accident, but she could obtain the doctor's name for defense counsel.
*183 The Moores filed a motion to dismiss for fraud, attaching answers to interrogatories, portions of Rios's deposition, and various medical records. Rios responded, attaching her affidavit, along with other medical records and her complete deposition. Rios alleged that the omissions did not support dismissal. She suggested that her failure to provide certain information was not intentional but was due to the head injury she suffered from the accident in this case which led to her memory loss. In addition, at the hearing on the motion to dismiss, Rios's attorneys argued that she was only claiming that this accident resulted in a head injury, thus any failure to reveal prior neck or back pain was irrelevant. The trial court dismissed her action, and this appeal followed.
Rios contends that the trial court abused its discretion in dismissing her case as she disclosed her prior treatment and did not prevent discovery. The Moores allege that Rios intentionally misled the court and provided false testimony. We review the trial court's dismissal of Rios's action under an abuse of discretion standard of review. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). Because we find merit to Rios's position, we hold that the trial court abused its discretion in dismissing her claim, as her actions did not rise to the level of fraud on the court.
A trial court has the authority to dismiss actions based on fraud and collusion, as well as to strike sham pleadings. See Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978). However, this power should be "cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing." Id. at 59. Here, Rios voluntarily disclosed her prior accident to the Moores and agreed to produce the name of her treating physician. A review of the record indicates that Rios's explanation, along with the complete transcript of relevant testimony and medical records, indicates that she committed no fraud. Her actions were a far cry from the plaintiff's actions in Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011 (Fla. 4th DCA 1997), and Cox v. Burke, 706 So.2d 43 (Fla. 5th DCA 1998), cited by the Moores. Although Rios did not accurately describe her injuries, her actions did not rise to the level of fraudulent, willful or intentional conduct. Any inconsistencies or confusion in the testimony would be the proper subject of cross-examination or impeachment. The detailed, thoughtful order of the trial court notwithstanding, we hold that the facts did not rise to the level of fraud or collusion as to require the court to dismiss Rios's claim. Accordingly, the order appealed from is reversed and the cause remanded to the trial court for further proceedings. See Kornblum v. Schneider, 609 So.2d 138 (Fla. 4th DCA 1992).
Reversed and remanded.