SCHWARTZ, Senior Judge.
After the hearing[1] required by Medina v. Florida East Coast Railway, 866 So.2d 89 (Fla. 3d DCA 2004), the trial court again dismissed this personal injury action for fraud on the court on the basis of various alleged omissions and misstatements made by the plaintiff during discovery. We reverse for a jury trial because it is clear the alleged misconduct did not rise to the level of egregiousness required to merit the extreme sanction of dismissal. See Cross v. Pumpco, Inc., 910 So.2d 324 (Fla. 4th DCA 2005); Rios v. Moore, 902 So.2d 181 (Fla. 3d DCA 2005); Canaveras v. Cont’l Group, Ltd., 896 So.2d 855 (Fla. 3d DCA 2005); Ruiz v. City of Orlando, 859 So.2d 574 (Fla. 5th DCA 2003).
Reversed and remanded.

. It is not necessary to reach the appellant's claim that the conduct of the hearing was improper.