925 So.2d 1066 (2006)
Anthony CHERUBINO and Lucy Cherubino, Appellants,
v.
FENSTERSHEIB AND FOX, P.A., Appellee.
No. 4D05-330.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
Rehearing Denied May 11, 2006.
*1067 Mark Perlman of Mark Perlman, P.A., Hallandale Beach, for appellants.
Angela C. Flowers of Kubicki Draper, Orlando, for appellee.
PER CURIAM.
Anthony and Lucy Cherubino filed suit against Fenstersheib and Fox, P.A. for legal malpractice. Fenstersheib and Fox filed a motion to dismiss the legal malpractice action for fraud on the court. The trial court granted the motion to dismiss and dismissed the case with prejudice. We reverse.
Fenstersheib and Fox represented the Cherubinos in the underlying action, a case *1068 relating to an automobile accident involving Anthony Cherubino. The underlying action was dismissed for failure to comply with discovery orders. After the action was dismissed, Fenstersheib and Fox refiled the Cherubinos' claims and then withdrew as the Cherubinos' counsel. The refiled claims were subsequently dismissed.
In the resulting malpractice action, the Cherubinos alleged that Fenstersheib and Fox committed legal malpractice by not complying with the discovery orders and that this resulted in them losing their right to pursue the automobile accident claims. Fenstersheib and Fox filed a motion to dismiss the Cherubinos' legal malpractice case for fraud upon the court. It attached an appendix demonstrating a multitude of inconsistencies in the Cherubinos' positions on issues relevant to the automobile accident claims and alleged that these inconsistencies rendered it unable to defend itself in the legal malpractice action. However, the majority of the highlighted inconsistencies occurred in the underlying action and not during the pendency of the legal malpractice action.
The trial court granted Fenstersheib and Fox's motion to dismiss, dismissed the Cherubinos' case with prejudice, and made several findings. The trial court concluded that the "case is permeated by fraud committed by Plaintiffs Anthony Cherubino and Lucy Cherubino who, the record reflects, have committed a pattern of deceit calculated to interfere with the judicial system's ability to fairly adjudicate this matter." The trial court also found that "[t]he numerous and repeated misstatements of fact made by the Plaintiffs evidence a design to intentionally thwart Defendant from concluding discovery to properly defend itself in this case and appear to be an attempt to commit fraud on the Court."
The standard of review applicable to motions to dismiss for fraud is abuse of discretion. See Taylor v. Martell, 893 So.2d 645, 646 (Fla. 4th DCA 2005). However, the abuse of discretion standard of review is qualified as follows in such cases:
Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court's discretion is narrowed where dismissal is imposed for fraudulent conduct such as that alleged here, in which a more stringent abuse of discretion standard is appropriate. Such sanction may be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." Tri Star Inv. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981); see also Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998).
Bob Montgomery Real Estate v. Djokic, 858 So.2d 371, 374 (Fla. 4th DCA 2003).
Trial courts have "the right and obligation to deter fraudulent claims from proceeding in court." Savino v. Fla. Drive In Theatre Mgmt., Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997). This is because "[o]ur courts have often recognized and enforced the principle that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve [its] ends." Hanono v. Murphy, 723 So.2d 892, 895 (Fla. 3d DCA 1998). To this end, "`where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper.'" Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999) (quoting Savino).
However, "[b]ecause dismissal with prejudice for fraud on the court is such an extreme remedy, the fraud must be demonstrated by clear and convincing *1069 evidence." Arzuman v. Saud, 843 So.2d 950, 952 (Fla. 4th DCA 2003). To this end, a party moving to dismiss for fraud on the court must satisfy a stringent standard. Dismissal for fraud is appropriate where "`it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (citation omitted); see also Amato v. Intindola, 854 So.2d 812, 814-815 (Fla. 4th DCA 2003) (quoting and applying Cox); Hogan v. Dollar Rent A Car Sys., Inc., 783 So.2d 1211, 1212 (Fla. 4th DCA 2001) (dismissal for fraud appropriate where misrepresentations were made "to intentionally thwart defendants from conducting discovery") (citation omitted); Rios v. Moore, 902 So.2d 181, 183 (Fla. 3d DCA 2005) (dismissal for fraud on the court should be "`cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing'") (citation omitted). The clear and convincing evidence necessary to succeed on a motion to dismiss for fraud on the court must demonstrate that the plaintiff "committed knowing deception intended to prevent the defense from discovery essential to defending the claim." Amato, 854 So.2d at 816.
In the present case, we conclude that the evidence available to the trial court simply did not satisfy the stringent standards justifying dismissal for fraud on the court. First, the majority of the inconsistencies highlighted by Fenstersheib and Fox occurred in the underlying case, not in the legal malpractice action, so they can hardly be said to constitute fraud on the court in the legal malpractice action. Second, the few inconsistencies which did occur in the legal malpractice action do not convince us that the Cherubinos "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." A few inconsistencies, which the Cherubinos contend were not knowing deceptions, simply do not demonstrate the blatant or extreme conduct necessary to prove fraud on the court.
In sum, because clear and convincing evidence does not establish that the Cherubinos perpetrated a fraud on the court in the legal malpractice action, the trial court abused its discretion by imposing the ultimate sanction of dismissal of the action. Consequently, we reverse and remand for further proceedings consistent with this opinion.
Reversed.
GUNTHER, FARMER, JJ., and DONNER, AMY STEELE, Associate Judge, concur.