985 So.2d 1117 (2008)
Francisco IBARRA, Appellant,
v.
Mario E. IZAGUIRRE and Continucare Corporation, Appellees.
No. 3D07-2383.
District Court of Appeal of Florida, Third District.
May 21, 2008.
Rehearing and Rehearing En Banc Denied August 12, 2008.
*1118 Ginsberg & Schwartz, and Arnold Ginsberg, Miami; Fernando Pomares, for appellant.
Alvarez, Sambol, Winthrop & Madson, and Griffith Winthrop, and Jennifer K. Birmingham, Orlando; Michael Shelley, Coral Gables, for appellees.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
RAMIREZ, J.
Francisco Ibarra appeals the trial court's final order dismissing his complaint with prejudice for perjury and perpetration of fraud upon the court. Dismissal with prejudice is unreasonably harsh given the facts of the case, and we therefore reverse the trial court's order.
Ibarra filed suit against Continucare for injuries he sustained in an auto accident involving a vehicle owned by Continucare and driven by Izaguirre with the company's consent. Three years after the auto accident, Ibarra slipped, but did not fall, while in a Bank of America. He reported the incident to the bank and the bank took a recorded statement. In the statement, Ibarra stated he was not in pain immediately after the slip, but felt uncomfortable later that night.
In subsequent depositions and interrogatories, Ibarra repeatedly denied suffering any injuries prior or subsequent to the auto accident, excluding an eye injury that was irrelevant. He also repeatedly denied being involved in any litigation for injury other than the auto accident and eye injury.
Continucare obtained an affidavit from a representative at the bank summarizing Ibarra's recorded statement after the incident. The affidavit also stated that Ibarra advised the bank that he was attending therapy as a result of his injuries and was still pursuing a claim against the bank. Based on this information, Continucare filed a motion to dismiss for perjury and perpetration of fraud upon the court.
In opposition to the motion to dismiss, Ibarra supplied a sworn affidavit stating that the bank incident did not fall under his interpretation of an "injury", and therefore, he did not include that information in his depositions or interrogatories.
The trial court did not accept Ibarra's explanation and found that the perjury went to the "heart of the matter asserted in the case." The trial court granted the motion to dismiss with prejudice. Ibarra appeals that order. Because the punishment was not commensurate with the *1119 crime, we reverse the trial court's order dismissing Ibarra's complaint.
A trial court has the authority to grant a motion to dismiss an action upon a finding of fraud by a party. Rios v. Moore, 902 So.2d 181, 183 (Fla. 3d DCA 2005). However, this power should be used cautiously and sparingly and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. Id. Additionally, fraud must be proven by clear and convincing evidence. Howard v. Risch, 959 So.2d 308, 312 (Fla. 2d DCA 2007).
Clear and convincing evidence of fraud is not present in this case. The slip at the bank never resulted in a formal claim with retained counsel. Ibarra's answers can reasonably be viewed as a misinterpretation. The alleged inconsistencies can be better handled by impeachment and/or vigorous cross examination. Dismissal with prejudice is unreasonable and an abuse of discretion based on the facts of this case.
This ruling is not a license to lie. In cases where fraud can be proven by clear and convincing evidence, it is clearly within the trial court's discretion to punish the offending party by dismissal. The facts of this case, however, do not rise to this level. The punishment of dismissal does not fit the crime.
For the foregoing reasons, we reverse the trial court's order dismissing Ibarra's complaint with prejudice.