991 So.2d 1008 (2008)
Wendy BASS, Appellant,
v.
CITY OF PEMBROKE PINES, Appellee.
No. 4D07-1039.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1009 Gary H. Juda, Plantation, for appellant.
E. Bruce Johnson and Scott D. Alexander of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
MAY, J.
The standard of review applicable to orders imposing sanctions for fraud upon the court is tested in this appeal. The plaintiff appeals an order dismissing her negligence complaint against the City of Pembroke Pines. She argues the trial court abused its discretion when it imposed such a harsh sanction for her failure to disclose past medical information. We disagree and affirm.
While a passenger on a motorcycle, the plaintiff was injured in an accident with a vehicle owned by the City. She was not wearing a helmet and suffered a laceration on the back of her head. She filed a two-count complaint against the driver of the City-owned vehicle and the City. She subsequently dismissed the suit against the driver.
The City propounded an interrogatory asking for a description of the plaintiff's injuries, and to what extent she claimed they were permanent. Her entire response was the following:
Head lacerationdizziness
Neck injuryhave had epidural injections
Low back injuryback pain daily
Constant stinging in neck and arms and fingers
Have very painful headacheschronic
Neck pain radiating into right arm and left arm with numbness and stinging
Fingers go numb
Headaches are bad and cause nausea
Have no determination of, if, or when headache may reoccur and how often
The City also asked the plaintiff to provide "the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated." The plaintiff's full response was:
 Cheryl Wingate, M.D.
 OB/GYN
 Milledgeville, GA
 Dr. Andres Patron
 Memorial West Physicians Building
 Pembroke Pines, FL
 Memorial Hospital West
 Pembroke Pines, FL
A third interrogatory asked if the plaintiff had ever been a party in a lawsuit, the nature of the action, and the date and court involved. The plaintiff answered "no."
Subsequently, the plaintiff testified at her deposition that she was divorced and involved in a custody battle. She was being treated by Dr. Tobin for severe headaches, dizzy spells, neck pain, and depression. *1010 She indicated that she had not suffered with the other symptoms except for post-partum depression. When asked if she had ever taken prescription medication for headaches before the accident, she said "no." She indicated that her visits to the emergency room were limited to a stomach problem, a fever, and the flu.
The City later learned from the plaintiff's Georgia obstetrician that the plaintiff had been prescribed medications for post-partum depression, and had visited an emergency room for a "terrible migraine." Discovery conducted by the City also revealed that the plaintiff had been treated by another Georgia doctor for migraine headaches.
Specifically, the plaintiff had visited an undisclosed doctor in August 1996 complaining of a migraine headache for which she was given Demerol. Approximately a year later, she returned to that doctor with a migraine headache. In December 1998 she again saw the doctor for a migraine headache.
She was seen at a Georgia hospital in December 1998 with a chief complaint of migraine headache, and she advised the hospital that she had a history of them. In February 2000 she went to the emergency room for a severe headache and associated nausea. In July 2001 she again went to the hospital with a migraine headache. That time she appeared "wearing sunglasses with a towel over her head, moan[ing], and groan[ing]." In April 2005 she saw another undisclosed Florida orthopedic surgeon for pre-accident, non-trauma related shoulder pain. At that time, she referred to experiencing post-anesthesia migraines. Discovery also revealed that she had been prescribed Zoloft, Xanax, and other antidepressant, antipsychotic medications.
Dr. Tobin, her treating neurologist, testified in deposition that the plaintiff suffered from severe headaches, had a poor memory, was anxious and depressed, suffered from insomnia, and had difficulty with her vision. He was unaware that she had previously been treated for migraine headaches, depression, anxiety, and a decreased appetite. When he was told of the plaintiff's former medical history, Dr. Tobin explained that the plaintiff was currently suffering from post-concussion syndrome that was unaffected by her prior medical history. The plaintiff's treating orthopedic surgeon testified in deposition that the plaintiff had also failed to disclose the prior history of headaches, but opined that the history was irrelevant to his treatment of her neck.
The City moved to dismiss the plaintiff's complaint for fraud upon the court-the failure to disclose medical providers and significant medical history concerning migraine headaches and depression. While admitting the incompleteness of her answers to interrogatories, the plaintiff claimed that her failure to disclose the prior migraine headaches was not fraudulent because she had disclosed doctors whose records revealed the migraine headaches and related treatment. In fact, she had answered another interrogatory about past employment, listing the doctor who treated her for migraines, but failed to disclose that he had also treated her for the headaches. She also argued that her current injuries were unrelated to her prior medical history.
The trial court found the plaintiff's answers to interrogatories were absolute, intentional, untruthful responses intended to impede discovery. The court granted the City's motion to dismiss. This order serves as the basis for this appeal.
We review orders dismissing complaints for fraud upon the court to determine if there has been an abuse of *1011 discretion. Cherubino v. Fenstersheib & Fox, P.A., 925 So.2d 1066, 1068 (Fla. 4th DCA 2006). "In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the `reasonableness' test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Morgan v. Campbell, 816 So.2d 251, 252 (Fla. 2d DCA 2002) (citing Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983)). It is the limited scope of our review that dictates the outcome of this appeal.
A trial court possesses the discretion to dismiss a complaint when there is clear and convincing evidence that the plaintiff has committed fraud upon the court. Arzuman v. Saud, 843 So.2d 950, 952 (Fla. 4th DCA 2003). When imposing this harshest of sanctions, trial courts should weigh the "policy favoring adjudication on the merits" with the need to "maintain the integrity of the judicial system." Id. "The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way." Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998).
None can dispute that the plaintiff in this case gave far less than complete, accurate answers to interrogatories propounded by the City. The responses were woefully inadequate under any standard. The issue however is not whether any member of this panel would impose the same sanction given the facts of this case. The ultimate question is whether reasonable minds could differ as to the propriety of imposing this sanction.
The answer to this question is that reasonable minds could and do differ. See, e.g., Morgan, 816 So.2d 251 (trial court did not abuse its discretion by dismissing complaint due to plaintiff's false testimony); Baker v. Myers Tractor Servs., Inc., 765 So.2d 149 (Fla. 1st DCA 2000) (affirming dismissal of complaint for false statements made in deposition notwithstanding the filing of an errata sheet); Metro. Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999) (reversing jury verdict and remanding case for dismissal due to plaintiff's failure to reveal full and complete information).
It is not a single moment of forgetfulness that this trial court witnessed in the plaintiff's answers to interrogatories and her deposition testimony. Here, the plaintiff consistently provided answers that were either incomplete or intentionally omitted significant information.
In this case, the plaintiff is seeking damages for head and neck injuries sustained in a motorcycle/vehicle accident. Yet, she failed to disclose a rather extensive history of migraine headaches for which she was treated over several years. She had visited an undisclosed doctor in August 1996 for a migraine headache. She returned to that doctor for migraine headaches over the next two years. In fact, she was employed by that doctor.
She was seen at a hospital on three occasions for migraine headaches and advised the hospital of a history of them. During her last visit to the emergency room for severe headaches and associated nausea, she appeared "wearing sunglasses with a towel over her head, moan[ing], and groan[ing]." Yet, none of that information was disclosed in either answers to interrogatories or in her deposition testimony. She also failed to disclose prior prescriptions *1012 for Zoloft, Xanax, and other antidepressant, antipsychotic medications.
Here, the trial court acknowledged that dismissal was a remedy that is not "frequently appropriate." When the trial court asked for an explanation, there was no excuse given for these blatant omissions. At the eleventh hour, plaintiff's counsel argued that one of the treating physicians had testified that the plaintiff had memory problems. But, when asked whether counsel was suggesting that memory loss meant that the plaintiff had forgotten "every single one of those times when even you agree that she was treated for severe headaches," counsel replied: "No, Judge, I'm just citing the doctor's testimony and the case law." Having been given no plausible explanation, the trial court reasoned that the untruthfulness was willful and for the purpose of thwarting discovery warranting dismissal of the complaint. The court found the plaintiff's responses to discovery absolute, intentional, and untruthful.
With these specific findings by the trial court, reasonable minds could differ on the imposition of this sanction, we therefore affirm the trial court's order.
Affirmed.
STONE, J., concurs.
POLEN, J., dissents with opinion.
POLEN, J., dissenting.
The majority has affirmed the trial court's dismissal of plaintiff's case below on the basis that reasonable minds could differ as to the dismissal for fraud, therefore the trial court did not abuse its discretion. I disagree and would reverse the trial court's dismissal.
As detailed above, the standard of review is abuse of discretion. Cherubino, 925 So.2d at 1068. Dismissal is the proper remedy where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989).
On the basis of the facts of this case, I fail to discern a deliberate attempt by the plaintiff to conceal information as she disclosed enough information to allow the City to easily uncover her prior medical history. I do not condone the sloppy and incomplete answers to the interrogatories.[1] Nevertheless, the imposition of the harshest of sanctionsthe dismissal of the complaint-is unwarranted in this case. See, e.g., Rios v. Moore, 902 So.2d 181 (Fla. 3d DCA 2005) (trial court has authority to dismiss action based on fraud); Morgan v. Campbell, 816 So.2d 251 (Fla. 2d DCA 2002) (trial court did not abuse its discretion by dismissing complaint due to plaintiff's false testimony). This is especially true where the treating physicians consistently testified that their opinions of the plaintiff's injuries and permanency were not affected by the prior medical history so easily uncovered by the City.[2]
*1013 Further, review of the transcript of the hearing on the City's motion to dismiss does not indicate that Bass was present, and the trial court did not question her about her incomplete answers. The question of fraud revolves around the deliberate intent of the party accused of the fraud. "A court can seldom determine the presence or absence of fraud without a trial or evidentiary proceeding." Robinson v. Kalmanson, 882 So.2d 1086, 1088 (Fla. 5th DCA 2004). While the trial court heard legal arguments from the attorneys, the trial court should have also questioned Bass to determine her motive in failing to correctly answer the interrogatories and whether the incorrect answers were given with the requisite intent to mislead the court or hamper the City's defense. See Arzuman, 843 So.2d at 952.
The majority disposes of this appeal on the premise that because reasonable minds could differ on whether dismissal of the complaint was an appropriate sanction, ipso facto it cannot be an abuse of discretion. I would submit that where dismissal of a suit as a sanction is sought, no reasonable judge can determine a party's intent to defraud without the party being present to testify (assuming she is alive, available, and competent). Once again, I emphasize that Ms. Bass was not present at the hearing which resulted in the appealed order. We have no way of knowing if her non-appearance was a result of her lawyer telling her she need not be present, or whether her lawyer told her of the motion and hearing at all. While I would not assume the omissions and incomplete answers were attributable to Ms. Bass's attorney, if that were the case, the attorney would have little incentive to place the blame on himself. A party should not be penalized for her attorney's lack of diligence, unless the party directed the attorney to respond in that manner.
I would reverse and remand the case to the trial court to reinstate the complaint and fashion a remedy more suitable to the nature of the plaintiff's incomplete answers to interrogatories rather than affirm the trial court's dismissal of the complaint.
NOTES
[1] Perhaps some of the responsibility here lies with appellant's trial counsel. While the appellee should not have to suffer because of its opponent's counsel's lack of diligence, it is well settled that a party should not be unduly penalized for their counsel's lack of attention. See Lindsey v. King, 894 So.2d 1058 (Fla. 1st DCA 2005).
[2] Remedies available to the defense, had the trial court not dismissed the complaint, would include the right to vigorously cross-examine the plaintiff on her interrogatory and deposition responses, so as to attack her credibility. Further, the court could have fashioned lesser sanctions, such as precluding a partial claim on certain areas of injury where discovery was hampered (i.e., the headaches), or even fashioning specific jury instructions regarding the incomplete answers. Of course we know that by the time of the hearing, defense counsel had obtained all of the information regarding plaintiff's medical history. The prejudice to the defense at that point was minimal, and suggests yet another alternative to dismissal: assessing attorneys' fees and costs against plaintiff for the extra work the defendant had to undertake.