PER CURIAM.
 

 Elvis Hernandez appeals from the trial court’s order striking sham pleadings and dismissing a personal injury claim with prejudice. We reverse.
 

 Hernandez sued the City of Miami (“the City”) and Florida Department of Transportation (“DOT”) for injuries sustained after falling into a defective storm drain on a City sidewalk. Hernandez’s complaint alleged injuries to his left leg and back, and that he suffered exacerbation of a preexisting condition.
 

 DOT moved to strike sham pleadings. DOT alleged fraud because there were discrepancies in Hernandez’s answers to interrogatories and during deposition testimony regarding his injuries. The trial court struck the pleadings and dismissed the case with prejudice. This appealed followed.
 

 Hernandez asserts that the trial court abused its discretion in dismissing his claim. DOT and the City contend that the trial court did not abuse its discretion in dismissing Hernandez’s claim for fraud on the court. We agree with Hernandez and reverse.
 

 A trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetuated a fraud on the court. However, this power should be exercised cautiously, sparingly, and only upon a clear showing of fraud on the court.
 
 Ramey v. Haverty Furniture Cos.,
 
 993 So.2d 1014, 1018 (Fla. 2d DCA 2008). Fraud on the court occurs where there is clear and convincing evidence “that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party’s claim or defense.” 993 So.2d at 1018 (quoting
 
 Aoude v. Mobil Oil Corp.,
 
 892 F.2d 1115, 1118 (1st Cir.1989)).
 

 A trial court’s decision on whether to dismiss a case for fraud on the court is reviewed under a narrow abuse of discretion standard.
 
 See Cherubino v. Fenstersheib & Fox, P.A.,
 
 925 So.2d 1066 (Fla. 4th DCA 2006). For the trial court to properly exercise its discretion, there must be an evidentiary basis to dismiss the case.
 
 See Ramey,
 
 993 So.2d at 1018.
 

 Here, the trial court did not have a clear and convincing evidentiary basis to dismiss the case for fraud on the court. Therefore, we find that the trial court abused its discretion in striking the pleadings and dismissing with prejudice Hernandez’s claim. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.