FERNANDEZ, J.
Walter M. Rusniaczek appeals the trial court’s order granting summary judgment in favor of Tableau Fine Art Group, Inc. as to liability. We affirm in part, reverse in part, and remand the case for an evidentia-ry hearing pursuant to Florida Rule of Civil Procedure 1.540(b). We further conclude that the damages ordered in the final monetary judgment are unliquidated.
Tableau sued Rusniaczek under a breach of contract claim. The claim was based on Rusniaczek’s failure to follow through with a deal that involved the sale of a painting. The contract designated Tableau as Rusni-aczek’s broker for the purpose of the sale. The contract also contained a liquidated damages provision of fifty percent of the minimum sales price of $5,000,000 if Rusni-aczek breached.
Tableau moved for partial summary judgment on liability. Rusniaczek responded that the documents Tableau used to support its motion were fraudulent. Rusniaczek filed two affidavits in support of his response. The first affidavit was from Rusniaczek, where he swore that he did not sign the consignment agreements between the parties. The second affidavit was from Olga Tepper, the notary that allegedly stamped the consignments, who swore that she did not notarize any of the consignments, and that an unknown person stole her notary stamp prior to the signing of the consignments. The trial court granted Tableau’s partial summary judgment on liability without an evidentia-ry hearing on the fraud issue.
The trial court further awarded Tableau $3,148,961.37 in damages based on an affidavit from Tableau’s principal, Tod Tar-rant, and the contract’s liquidated damages provision. Tableau claimed that it paid approximately $200,000 for expenses related to the marketing and exhibition of the painting in Rome, Italy. Furthermore, Tableau claimed damages related to a bona fide offer to purchase the painting from an unknown Ukrainian company named I.M.T. Consulting, Inc. for $5,500,000. Rusniaczek argued that I.M.T. Consulting, Inc. was a fictitious company because it was not registered in the Ukrainian government’s registry of corporate entities.
In the course of various other proceedings, the trial court denied all of Rusniac-zek’s motions and granted final summary judgment for Tableau. Several months after the final judgment, Rusniaczek filed several motions to disqualify the trial court judge. The trial court denied all of the motions to disqualify. Rusniaczek appeals the final summary judgment order entered in favor of Tableau.
We first hold that Rusniaczek is entitled to an evidentiary hearing on the issue of fraud. “If the allegations in the moving party’s motion for relief from judgment ‘raise a colorable entitlement to rule 1.540(b)(3)’s relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required.’ ” Dynasty Express Corp. v. Weiss, 675 So.2d 235, 239 (Fla. 4th DCA 1996). In order to warrant an evidentiary hearing, a rule 1.540(b)(3) motion must specify the essential facts of the purported fraud and not merely assert legal conclusions. Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994). The purpose of this specificity requirement is to permit the court “to determine whether the movant has made a prima facie showing which would justify relief from judg *358 ment,” and is not merely rehashing matters explored at trial. Id.
Rusniaczek alleged a colorable claim of fraud, which was supported by several articles of competent evidence. Tepper’s affidavit raises questions regarding the validity and truthfulness of Tableau’s claim for relief. Thus, the trial court should have held an evidentiary hearing to determine whether Rusniaczek could produce clear and convincing evidence of fraud. See Hernandez v. City of Miami, 35 So.3d 942, 943 (Fla. 3d DCA 2010) (stating that the party seeking relief must prove a fraud on the court claim by clear and convincing evidence at the evidentiary hearing).
We further hold that the liquidated damages provision of the parties’ contract cannot be upheld. Florida law dictates that parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach. Lefemine v. Baron, 573 So.2d 326, 328 (Fla.1991). The Florida Supreme Court established a two-prong test to determine whether a liquidated damages provision will be upheld or stricken as a penalty clause. See Hyman v. Cohen, 73 So.2d 393 (Fla.1954). First, the damages consequent upon a breach must not be readily ascertainable. Lefemine, 573 So.2d at 328. Second, the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages. Id.
The subject liquidated damages provision in the contract between the parties constitutes a penalty clause. The provision fails the second prong of the test in that the damages are grossly disproportionate to any damages that Rusniaczek could reasonably have expected to follow from his breach. This clause showed that Tableau intended only to induce full performance, rather than to liquidate its damages.
We thus conclude that Rusniaczek alleged a colorable claim of fraud pursuant to Florida Rule of Civil Procedure 1.540(b)(3) and that the liquidated damages provision in the parties’ contract constitutes a penalty clause that cannot be upheld. We therefore reverse on these issues and remand the cause to the trial court for an evidentiary hearing on the issue of fraud. The summary judgment on liability is affirmed in all other respects and we decline to address the remaining issues raised in this appeal as meritless.
Affirmed in part, reversed in part, and remanded with instructions.