# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 14-2197
Lower Tribunal Nos. 12-2918 & 09-1837
_____

**Patricia Sukonik,**
Appellant,

vs.

**Holly Wallack,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria M. Korvick, Judge.

Patricia Sukonik, in proper person.

Chepenik Trushin LLP, and Bradley H. Trushin and Stacey B. Rubel, for appellee.

Before ROTHENBERG, LAGOA, and SCALES, JJ.

ROTHENBERG, J.

Patricia Sukonik ("Sukonik") appeals the trial court's order granting Holly Wallack's ("Wallack") motion to dismiss or strike Sukonik's pleadings for failing to comply with discovery requests and for disobeying court orders. Because the trial court's order finding that Sukonik's repeated failure to comply with her discovery obligations and the trial court's orders was willful, deliberate, and contumacious is amply supported by the record, we affirm.

## BACKGROUND

Sukonik, who lives in Pennsylvania, and Wallack, who lives in Florida, are sisters. The sisters have disputed aspects of the administration of their late mother's estate since she died in 2007. In 2009, Sukonik filed a petition for administration, and in August of 2012, Sukonik, who was represented by Michael Greenwald ("Greenwald"), initiated adversarial proceedings to determine the assets of the estate. The adversarial trial was to commence on March 10, 2014, with discovery and mediation scheduled for January and February, 2014.

On December 19, 2013, Wallack delivered initial discovery requests giving Sukonik until January 20, 2014 to respond. However, prior to the expiration of that deadline, Greenwald filed a motion to withdraw as counsel, which the trial court granted on January 23, 2014. After granting Greenwald's motion to withdraw, the trial court gave Sukonik until February 28, 2014 to retain new counsel; extended the discovery and mediation deadlines; reset the trial to September 8, 2014; and

2

entered a pretrial order specifying that all witness lists and exhibits must be filed no later than forty-five days prior to trial and cautioning that the failure to comply with the order could result in severe sanctions, including dismissal of the cause of action.

Thereafter, Wallack resent her discovery package, providing Sukonik with another thirty days to respond, but Sukonik failed to respond by the new deadline. Wallack also attempted to schedule a deposition with Sukonik, offering a variety of dates for her to choose from, several of them occurring well after the deadline set by the trial court for Sukonik to retain new counsel. In response, Sukonik filed a motion for a protective order and sent Wallack a letter, stating that she "will not respond to aforesaid letters, or for that matter to any other mailing [Wallack] might send."

In addition to filing for a protective order, Sukonik filed a motion to extend her time to find counsel. The trial court granted Sukonik an extension to retain counsel until March 24, 2014, but stated that no further extensions would be granted. The trial court also ordered Sukonik to schedule a deposition with Wallack by April 3, 2014, and to comply with Wallack's discovery requests by April 4, 2014. Sukonik did not retain new counsel and chose to proceed pro se, did not meet the deadline to schedule her deposition, and failed to produce a single document in compliance with Wallack's requests for production.[1]

After conducting separate hearings on Sukonik's motion for a protective order against being compelled to travel to Florida and on Wallack's motion to compel Sukonik to attend a deposition and mediation in Florida, the trial court entered an order granting Wallack's motion to compel attendance and requiring Sukonik to physically appear for her deposition on July 30, 2014 and mediation on August 6, 2014. The trial court repeated its warning that failure to comply with its orders could result in the dismissal of the case.

Sukonik did not appear for her scheduled deposition. Instead, she sent a letter to the mediator and the trial court protesting the authority of the court and stating in relevant part that "[t]his Mediation was initially arranged without my approval . . . I will not be attending this Mediation."

On August 1, 2014, Sukonik requested a continuance and a 120-day stay of discovery, claiming that she had retained counsel (who she did not identify) to represent her, with the caveat that the counsel would be unavailable until after the scheduled September 8, 2014 trial date. After conducting a hearing on August 13 to consider both Sukonik's motion for a continuance and Wallack's motion to dismiss for Sukonik's allegedly willful disregard for the trial court's orders, the

---

[1] In its order dismissing the cause of action, the trial court found that Sukonik's eighty-four page response to Wallack's interrogatories was deficient because it was filled with "unresponsive narratives, legal arguments, and accusations."

trial court granted Wallack's motion to dismiss and provided detailed justifications for its decision. Sukonik appealed.

## ANALYSIS

A trial court has the discretion to determine discovery sanctions, and such determinations are reviewed for an abuse of discretion. Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004). We must therefore apply the "reasonableness test" to evaluate whether the trial court abused its discretion. Id. (explaining that "if reasonable people could differ as to the propriety of the trial court's action, the action is not unreasonable").

It is undeniable that entering a default because a party did not comply with discovery orders "is the most severe of all sanctions which should be employed only in extreme circumstances." Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983). However, it is justified where a party shows "deliberate and contumacious disregard of the court's authority" or "willful disregard or gross indifference to an order of the court." Id. To ensure that the trial court consciously determines that the misconduct was more than neglect, it is required to find that the noncompliant party willfully or deliberately disregarded the court's directions. Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271, 1273 (Fla. 1990).[2]

---

[2] Both parties mention the Kozel factors. Where a party's counsel is either partly or wholly to blame for discovery misconduct, the Florida Supreme Court has

In the instant case, the trial court issued a very thorough order justifying its decision to dismiss Sukonik's claim. The trial court found that Sukonik's failure to comply with its orders was a willful and contumacious disregard of the trial court's authority. This finding is fully supported by the record. Sukonik failed to: (1) comply with the trial court's order resetting the case for trial and its pretrial instructions requiring Sukonik to submit her witness list and trial exhibits to opposing counsel, and file the same with the clerk of court; (2) respond to Wallack's discovery requests for production of documents; (3) retain counsel within the court ordered time frame despite obtaining substantial time to retain new counsel, thereby delaying the trial, and waiting until the eve of trial to claim that she had found new counsel—an anonymous attorney—who would be unable to represent her until well after the September 8, 2014 trial date; and (4) appear for the court-ordered mediation and her court-ordered deposition.[3] The trial court

established a set of factors to guard against unduly punishing the client for counsel's blunders. Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993); see also Ham, 891 So. 2d at 496. However, where a pro se litigant commits discovery violations, the Kozel factors are not relevant. Ledo v. Seavie Res., LLC, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) ("Since [appellant] was sanctioned for his own failures to comply with court orders while he was acting *pro se*, *Kozel* has no application here."). Sukonik is a pro se litigant. Thus, the Kozel factors are not relevant.

[3] Sukonik provided two doctor's notes supporting her claim that she suffered from vertigo, which prevented her from attending the court-ordered mediation and deposition. While we note that opposing counsel was unable to verify or to inquire about the nature or severity of Sukonik's claimed medical problem because Sukonik refused to sign a medical release to allow such inquiry, even if we assumed that her claim was true, we would affirm as the remaining grounds

6

noted that although Sukonik was proceeding pro se, she had previously been licensed to practice law in the state of Pennsylvania, and she provided no reasonable explanation for her failure to identify the name or address of a single witness she intended to call at trial or to comply with the court's orders, despite the trial court's multiple attempts to accommodate her. Because the record supports the trial court's findings, we find no abuse of discretion and therefore affirm.

Affirmed.

supporting the order independently justify the trial court's dismissal.