# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2800
Lower Tribunal No. 12-20711
_____

**Nancy Cal,**
Appellant,

vs.

**Forward Air Solutions, Inc., etc., and Nadin Jorge Hazoury,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

The Bennett Law Center, and Scott B. Bennett, for appellant.

Lawrence J. Roberts & Associates, P.A., and David W. Smith, for appellees.

Before SHEPHERD, ROTHENBERG, and SCALES, JJ.

ROTHENBERG, J.

Nancy Cal ("Ms. Cal") appeals the trial court's entry of a final judgment and order of dismissal with prejudice, which was based upon the trial court's findings that Ms. Cal repeatedly and willfully violated the trial court's orders and falsely testified under oath. Because the record fully supports the trial court's findings, and the trial court's decision to dismiss the case was reasonable, we affirm.

## BACKGROUND

In May 2012, Ms. Cal filed a complaint against Forward Air Solutions, Inc. and Nadin Jorge Hazoury (collectively, "the defendants"), in which she alleged that the defendants were liable for negligently causing an automobile accident that occurred in December 2011. Ms. Cal later claimed that she injured her lower back and neck in a prior slip and fall accident in August 2010 ("the slip and fall case"), and the December 2011 automobile accident exacerbated her injuries.

At hearing on March 13, 2015, which concerned the defendants' motion to compel discovery, the trial court expressly told Ms. Cal to attend an independent medical examination ("IME") on the following Monday, and afterwards entered an order requiring Ms. Cal to comply with the defendants' request to produce documents related to the settlement of the slip and fall case and to provide better responses to interrogatories regarding the settlement.

After Ms. Cal failed to attend the IME, the defendants moved for sanctions, including dismissal of the case. The defendants argued that Ms. Cal not only failed

to attend the IME and comply with the order compelling a better response to the interrogatories and the production of the settlement agreement, she also provided false testimony regarding her medical history in a series of depositions and gave false answers in interrogatories in the instant case.

After conducting two hearings on the matter, the trial court entered an order granting the defendants' motion for sanctions and dismissing the case with prejudice. The trial court's detailed order found that, among other things, (1) Ms. Cal was involved in a prior accident in May 2008 that resulted in injuries to Ms. Cal's shoulder, mid-back, and lower back; (2) Ms. Cal received treatment for these injuries; (3) the treatment facility that Ms. Cal attended for her injuries went out of business, and thus, no further discovery is possible from that facility; and (4) Ms. Cal lied under oath several times when answering questions in two depositions and two sets of interrogatories by failing to disclose the May 2008 accident, injuries, or treatments when directly asked about whether she was treated for prior back injuries or was involved in prior accidents. The trial court also found that Ms. Cal willfully violated the March 13, 2015 order by failing to produce the requested documents and better answers to interrogatories relating to the settlement of the slip and fall case and by failing to attend the required IME. Thereafter, the trial court entered a final judgment, and Ms. Cal timely appealed.

## ANALYSIS

The trial court's entry of an order dismissing a complaint as a sanction is reviewed for an abuse of discretion. Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983). "The issue however is not whether any member of this panel would impose the same sanction given the facts of this case. The ultimate question is whether reasonable minds could differ as to the propriety of imposing this sanction." Bass v. City of Pembroke Pines, 991 So. 2d 1008, 1011 (Fla. 4th DCA 2008).

A trial court may dismiss a complaint as a sanction if it finds that a party has willfully disregarded a court order. Mercer, 443 So. 2d at 946. While dismissing a complaint as a sanction for a violation of a discovery order is the most severe remedy, see Sukonik v. Wallack, 178 So. 3d 455, 457 (Fla. 3d DCA 2015), reh'g denied, (Nov. 18, 2015), such a remedy is available to trial courts, and we reiterate the adage that "[a] party may not ignore a valid order of court except at its peril." Johnson v. Allstate Ins. Co., 410 So. 2d 978, 980 (Fla. 5th DCA 1982).

Additionally, it is well established that a trial court has the discretion to dismiss the pleadings of a party who repeatedly falsely testifies under oath regarding matters that directly relate to a party's claim or defense. See Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So. 3d 1034, 1038-39 (Fla. 3d DCA 2012); Bass, 991 So. 2d at 1011 (affirming the trial court's dismissal based

4

on the plaintiff's repeated failure to disclose a prior injury that was directly relevant to the damages she claimed).

In the instant case, the record fully supports the trial court's findings that Ms. Cal willfully violated the trial court's March 13, 2015 order compelling discovery, willfully failed to attend the required IME, and lied under oath during several depositions and interrogatories. Ms. Cal's false testimony was particularly prejudicial because, while Ms. Cal alleges that her neck and back have been injured as a result of the defendants' negligence, Ms. Cal's false testimony has guaranteed that her medical history from her May 2008 accident can no longer be fully discovered, as the treatment facility she attended for her injuries after the May 2008 accident has since gone out of business. Thus, the defendants can no longer conduct discovery regarding the full extent of Ms. Cal's prior back injuries.

We note that Ms. Cal's explanation for her false testimony, her claim to have a faulty memory, was unconvincing to the trial court, and we find that the record supports this determination. The litigation surrounding her various back injuries commenced in 2010, continued for several years, and involved several depositions and interrogatories regarding prior injuries and accidents. The accident that Ms. Cal failed to disclose occurred in 2008, and her treatments for the accident occurred over a period of months. As was the case in Bass, "[i]t is not a single moment of forgetfulness that this trial court witnessed in the plaintiff's answers to

5

interrogatories and her deposition testimony. Here, the plaintiff consistently provided answers that were either incomplete or intentionally omitted significant information." 991 So. 2d at 1011.

In conclusion, we find that the trial court was well within its discretion to dismiss this case with prejudice as a sanction based on its findings that Ms. Cal repeatedly provided false testimony under oath that directly related to her claims and willfully disregarded the trial court's orders and instructions. We also find that Ms. Cal's remaining arguments are without merit, and we therefore decline to discuss them here.

Affirmed.