# Third District Court of Appeal

## State of Florida

Opinion filed September 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1712
Lower Tribunal No. 16-14544
_____

**Azran Miami 2, LLC,**

Appellant,

vs.

**US Bank Trust, N.A., etc.,**

Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Jacobs Legal PLLC, and Bruce Jacobs, for appellant.

Locke Lord LLP, and Steven J. Brotman (West Palm Beach), for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See U.S. Bank Nat. Ass'n v. Paiz, 68 So. 3d 940, 944 (Fla. 3d DCA 2011) (holding: "To entitle a movant to an evidentiary hearing on a motion for relief from judgment, a rule 1.540(b)(3) motion must specify the fraud with particularity and explain why the fraud, if it exists, would entitle the movant to have the judgment set aside. Flemenbaum v. Flemenbaum, 636 So. 2d 579, 580 (Fla. 4th DCA 1994). 'If a motion does not set forth a basis for relief on its face, then an evidentiary hearing is unnecessary, the time and expense of needless litigation is avoided, and the policy of preserving the finality of judgments is enhanced.' Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co., 20 So. 3d 952, 955 (Fla. 4th DCA 2009). The matter alleged must affect the outcome of the case and not merely be 'de minimis.' Thus, to obtain a hearing on a rule 1.540(b)(3) motion, the law requires a movant 'to demonstrate a prima facie case of fraud, not just nibble at the edges of the concept.' Hembd v. Dauria, 859 So. 2d 1238, 1240 (Fla. 4th DCA 2003)") (citations and quotations omitted).

See also Rusniaczek v. Tableau Fine Art Grp., Inc., 139 So. 3d 355, 357-58 (Fla. 3d DCA 2014) (explaining that the "purpose of this specificity requirement is to permit the court 'to determine whether the movant has made a prima facie showing which would justify relief from judgment,' and is not merely rehashing matters explored at trial") (quotation omitted).

2