# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 2023-2644
LT Case No. 2020-CA-312-A
_____

MELISSA BETH EPPS, and B.M.,
by and through MELISSA BETH
EPPS, as parent and natural
guardian,

     Appellants,

     v.

TRICIA MARIE MARO and ROBIN
JOHN MARO,

     Appellees.

_____

On appeal from the Circuit Court for Citrus County.
Carol A. Falvey, Judge.

Jason M. Melton and Christopher M. Klemawesch, of Whittel &
Melton, LLC, Spring Hill, for Appellants.

Petra L. Justice and Ezequiel Lugo, of Banker Lopez Gassler,
P.A., Tampa, for Appellees.

November 1, 2024


EDWARDS, C.J.

     Appellant, Melissa Beth Epps, appeals the trial court's
detailed twelve-page order granting Appellees', Tricia Marie Maro

and Robin John Maro, motion to dismiss Epps' personal injury claim based upon her committing fraud on the court.

There is competent, substantial evidence in the record which supports the trial court's findings that Appellant intentionally provided false testimony and misleading discovery responses in an effort to hamper Appellees' efforts to investigate the cause, nature, and extent of Appellant's injuries, medical conditions, and disability. The trial court properly concluded that the record evidence clearly and convincingly demonstrates that Appellant "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter." *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)).

The trial court properly weighed the "policy favoring adjudication on the merits" against the need to "maintain the integrity of the judicial system" in deciding what sanction would be appropriate under the circumstances. *Bass v. City of Pembroke Pines*, 991 So. 2d 1008, 1011 (Fla. 4th DCA 2008) (quoting *Arzuman v. Saud*, 843 So. 2d 950, 952 (Fla. 4th DCA 2003)). Thus, the trial court did not abuse its discretion by dismissing Appellant's case with prejudice. *See Perrine v. Henderson*, 85 So. 3d 1210, 1212 (Fla. 5th DCA 2012); *Morgan v. Campbell*, 816 So. 2d 251, 253 (Fla. 2d DCA 2002).

We reject Appellant's reliance on *Jimenez v. Ortega*, 179 So. 3d 483 (Fla. 5th DCA 2015), for her argument that she was entitled to recover at least some of her damages given that Appellees had admitted fault for the collision, because unlike in *Jimenez*, Appellees specifically contested the cause and extent of all injuries claimed by Appellant.

Accordingly, we affirm.

By separate order, we are provisionally granting Appellees' motion for appellate attorney's fees based upon (1) their service of a proposal for settlement pursuant to section 768.79, Florida Statutes (2023), and Florida Rule of Civil Procedure 1.442 which Appellant failed to accept and/or (2) the consequences of Appellant requesting a trial de novo following non-binding arbitration

2

pursuant to section 44.103, Florida Statutes (2023). The trial court must determine, initially, whether Appellees are entitled to recovery under the governing statutes and rules.

AFFIRMED.

WALLIS and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____