FRANK, Acting Chief Judge.
Anita Syrowik claimed she was injured at the Bilmar Hotel when a door opened by a maid struck her. She has appealed, pro se, from an order dismissing her complaint with prejudice. In concluding to affirm the trial court’s disposition of this matter, we are not unmindful of the generally held view in this district that the “sanction of dismissal of a party’s action is a drastic remedy which should be used only in extreme situations.” Martin v. Laidlaw Tree Service, Inc., 619 So.2d 435, 438 (Fla. 2d DCA 1993) (citing Momenah v. Ammache, 616 So.2d 121 (Fla. 2d DCA 1993)). The circumstances surrounding the instant proceeding describe and, indeed, by any measure, go beyond an extreme situation ordaining the result reached by the trial court.
The uncontroverted record of events in the trial court, which we need not recount in extensive detail, occurred in the period beginning with the filing of Ms. Syrowik’s complaint on March 21, 1989, and ending on August 23, 1993, the date of its dismissal. A condensed history of that which transpired in the trial court discloses Ms. Syrowik’s failure to appear for the taking of her deposition, her unwillingness to submit to an independent medical examination, repeated motions for sanctions seeking to remedy her defiant refusal to cooperate in prosecuting the litigation, multiple orders placing her on notice of the consequences of not complying with the requirements imposed upon her as a litigant, a succession of attorneys who were ultimately permitted to withdraw, and misrepresentations stemming from her asserted presence in Michigan when in fact the trial court found she was in Florida. In sum, based upon the conduct we have distilled from the record, wholly attributable to Ms. Syrowik, the trial court acted fully within its discretionary authority and we find no error or abuse in its determination to end this matter with finality. The essential element of willful misconduct engaged in by Ms. Syrowik is abundantly evident. Commonwealth Fed. Sav. and Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990); Marr v. State, Dep’t of Transp., 614 So.2d 619 (Fla. 2d DCA 1993).
Affirmed.
PATTERSON and QUINCE, JJ., concur.