697 So.2d 1011 (1997)
Frank SAVINO, Appellant,
v.
FLORIDA DRIVE IN THEATRE MANAGEMENT, INC., a Florida corporation, Appellee.
No. 96-3484.
District Court of Appeal of Florida, Fourth District.
August 13, 1997.
Norman S. Levin of Law Office of Norman S. Levin, P.A., Fort Lauderdale, for appellant.
*1012 Bohdan Neswiacheny and Glenn J. Webber of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellee.
PER CURIAM.
The appellant/plaintiff appeals from the dismissal of his personal injury action based upon fraud. Appellant sought recovery for brain damage and lost wages due to injuries he sustained while an invitee on premises owned by the appellee. In support of its motion to dismiss appellant's complaint, appellee presented evidence to the trial court that appellant lied about obtaining a master's degree in engineering from New York University and even produced a fake master's degree diploma from the university. In addition, there was evidence that appellant lied to his treating physician about his educational background and above-average level of intelligence causing the physician to improperly relate his average level of intelligence to the damages he sustained during the accident. Although appellant testified during deposition that he was unable to work, appellee presented deposition testimony from an employer stating that appellant worked as an independent contractor for him following the accident. Based on these submissions, the trial court dismissed the lawsuit with prejudice, finding that fraud permeated the case.
Appellant claims that the trial court's dismissal of his case with prejudice was improper where the misconduct complained of pertained to only a portion of his claim. We recognized in Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992), that where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper. Appellant lied about matters which went to the heart of his claim on damages. These repeated fabrications undermined the integrity of his entire action. We believe that the trial court has the right and obligation to deter fraudulent claims from proceeding in court. See id.; Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981); Tramel v. Bass, 672 So.2d 78, 83 (Fla. 1st DCA), rev. denied, 680 So.2d 426 (Fla.1996). Appellant's conduct amounted to a scheme calculated to interfere with the court's ability to impartially adjudicate his claim. Thus, we do not find that the trial court clearly abused its discretion in dismissing the case with prejudice.
With regard to appellant's claim that the court's dismissal was improper in the absence of an evidentiary hearing, we find that this claim was not preserved for review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985).
AFFIRMED.
WARNER and FARMER, JJ., and DONNER, AMY STEELE, Associate Judge, concur.