740 So.2d 1233 (1999)
Dominick DESIMONE, Appellant,
v.
OLD DOMINION INSURANCE COMPANY d/b/a The Fort Lauderdale Inn, and Southern Inns Management, Inc., Appellees.
No. 98-2224.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
*1234 Maurice Graham, Oakland Park, for appellant.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for appellees.
PER CURIAM.
Dominick Desimone, plaintiff below, appeals from the dismissal of his personal injury suit against the owner and manager of a bar for damages he allegedly sustained when he was struck by a vehicle operated by an intoxicated bar patron in the parking lot of the bar. The trial court granted the defendants/appellees' motion to dismiss the case based upon plaintiff's fraud. We affirm on the authority of Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011 (Fla. 4th DCA 1997).
The trial court granted appellees' motion to dismiss for fraud after holding a lengthy evidentiary hearing. The court found that during discovery appellant made deliberate misrepresentations and gave false information regarding his prior involvement in personal injury litigation, prior similar injuries, past medical treatment, criminal history, employment status and income. The court concluded that appellant made "numerous and repeated misstatements of fact designed to intentionally thwart defendants from conducting discovery" and that such conduct amounted to "a perpetration of fraud upon the court."
We find no abuse of discretion in the trial court's dismissal of this case with prejudice. Our court has recognized and enforced the principle that "where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper." Savino, 697 So.2d at 1011 (citing Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992)). Like the plaintiff in Savino, appellant lied about matters that bore directly on the issue of damages. The trial court properly determined that his conduct amounted to "a scheme calculated to interfere with the court's ability to impartially adjudicate his claim." We find that the court's dismissal of appellant's lawsuit was an appropriate sanction and affirm.
With respect to appellant's second point on appeal, we agree that the trial court erred in admitting depositions of appellant's two former employers, absent the unavailability findings required by Florida Rule of Civil Procedure 1.330. However, we find this error to be harmless in light of the court's extensive findings justifying dismissal of appellant's action based on fraud.
AFFIRMED.
KLEIN, TAYLOR, JJ., WHITE, ALICE BLACKWELL, Associate Judge, concur.