FLETCHER, Judge.
Babe Elias Builders, Inc., defendant below, appeals from a non-final order granting the plaintiffs’ motion to strike the defendant’s pleadings, and entering a default in plaintiffs’ favor. We affirm.
The case is best explained by the trial court’s eminently correct order, which we publish in pertinent part and adopt as our own:
*120 “1. The Plaintiffs, Andrea Pernick and Karen Raben filed a lawsuit against Babe Elias Builders, Inc. (BEB) for its failure to perform under the terms of a residential building contract. The contract provided that BEB would hire subcontractors to work on the Plaintiffs’ home, and that it would charge the Plaintiffs the cost of the subcontractor’s work plus an additional fifteen percent. The suit, among other allegations, alleged that BEB overcharged the Plaintiffs, and failed to perform.
2. After this lawsuit had been filed, ‘Babe’ Elias, the president of BEB, and Ken Roberts, the former Sales Manager of Thermo Products Insulation, Inc. (Thermo), one of the subcontractors that worked on the Plaintiffs’ home, executed a false back-dated invoice reflecting an inflated payment to Thermo, in order to justify the amounts that he charged the Plaintiffs and defeat their lawsuit. Gladys Estrada, the BEB office manager, drafted a fraudulent receipt/invoiee under Elias’s direction, which Elias and Roberts then signed.
3. Previously, after paying Luis Aguirre, another subcontractor that worked on the Plaintiffs’ home the amount of the actual invoice for his work, Elias had asked Aguirre to prepare separate invoices that reflected a falsely inflated, higher charge for his work, so that he could charge the plaintiffs more. After the lawsuit was filed, Elias suborned perjury by asking Aguirre to execute an affidavit attesting to the authenticity of these fraudulent invoices. BEB produced the false invoices in response [to] the Plaintiffs’ document request in this case, thus holding them out as the legitimate invoices.
4. Estrada, the BEB office manager, who was offered as BEB’s records custodian, testified falsely at a deposition that the false invoices were accurate, and that she had no knowledge of any fraud despite her involvement in the fraud.
5. Christi Elias, Babe Elias’s daughter, falsely testified that she was unaware of the fraud, and she offered a false doctor’s note in an attempt to be excluded from her deposition.
6. Rule 1.380(b)(2) of the Florida Rules of Civil Procedure provides that ‘If a party or an officer, director or managing agent of a party fails to obey an order to provide or permit discovery ... the court in which the action is pending may make ... (C) An order striking out pleadings or part of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgement by default against the disobedient party .... “ (emphasis added).
7. Although the rule only speaks of a party who fails to obey an order to provide or permit discovery, even in the absence of an order that evidence must be preserved or produced, a trial court has the inherent power to impose sanctions on a party who destroys evidence or perpetrates a fraud on the court. Figgie Intern. v. Aiderman, 698 So.2d 563, 567 (Fla. 3d DCA 1997); Tramel v. Bass, 672 So.2d 78, 83 (Fla. 1st DCA 1996).
8. Striking pleadings or entering a default judgment against a party is the most severe of all sanctions, which should be employed only in extreme circumstances. Mercer v. Rain[e], 443 So.2d 944, 946 (Fla.1983). However, a ‘deliberate and contumacious disregard of the court’s authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evidences a deliberate callousness.’ Id. ‘[W]here a party perpetrates fraud on the court which permeates the entire proceedings, dismissal of the en *121 tire case is proper.’ Desimone v. Old Dominion Insurance Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999).
9. The defendant’s conduct during the discovery of this case has exhibited a ‘deliberate and contumacious disregard of the court’s authority,’ bad faith, and ‘a deliberate callousness.’ See Mercer, 443 So.2d at 946. The defendants have perpetrated a fraud on the Court which has permeated the entire proceedings. See Desimone, 740 So.2d at 1234. The defendant’s behavior has constituted a willful noncompliance with the rules of discovery.
10. Sanctions less than the entry of a default against BEB cannot restore the Plaintiffs to the position they would have occupied in the absence of BEB’s willful and fraudulent discovery violations.
WHEREUPON, it is HEREBY ORDERED and ADJUDGED as follows:
1. The Plaintiffs’ Motion is granted. The Defendant’s pleadings are stricken and a default judgment is entered in favor of the Plaintiffs.”
Affirmed.