783 So.2d 1211 (2001)
Jonah HOGAN and Julie L. Hogan, his wife, Appellants,
v.
DOLLAR RENT A CAR SYSTEMS, INC., a foreign corporation, Minnie Gersman, and David L. Gersman, Appellees.
No. 4D00-2537.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
*1212 Jon May of May & Cohen, P.A., Fort Lauderdale, for Appellants.
Steven E. Goldman of Goldman & Hellman, P.A., Fort Lauderdale, for Appellee Dollar Rent A Car Systems, Inc., a foreign corporation.
David R. Cassetty of O'Connor, Chimpoulis, Restani, Marrero & McAllister, P.A., Coral Gables, for Appellees Minnie Gersman and David L. Gersman.
GROSS, J.
Appellants were plaintiffs in the personal injury action in the trial court. The record supports the trial court's finding that appellant Jonah Hogan's treating physician materially changed Hogan's medical records after conferring with Hogan's attorney.[1] The record also supports the trial court's determination that Jonah Hogan lied under oath at his depositions about not having any other accidents or injuries subsequent to the 1998 accident forming the basis of his lawsuit.
In fact, on January 26, 1999, Hogan saw his treating physician for a semi-urgent appointment; he told the doctor that he had fallen on his way to his attorney's office the week before and had been suffering from excruciating pain in his left elbow. At his deposition, Hogan remembered breaking his pinkie after falling off a trailer and cutting his hand when he was seven years old. However, in an affidavit, Hogan claimed that at his deposition he did not remember falling on his elbow.
Finding that a fraud had "been perpetrated on both the Court" and appellees, the trial judge dismissed the case with prejudice.
We find no abuse of discretion in the trial court's dismissal of the case, since the fraud permeated the entire proceeding. See, e.g., Baker v. Myers Tractor Servs., Inc., 765 So.2d 149, 150 (Fla. 1st DCA 2000). Recently, we affirmed a dismissal of a tort claim where the plaintiff lied about "matters that bore directly on the issue of damages," such as "prior involvement in personal injury litigation, prior similar injuries, past medical treatment, criminal history, employment status and income." Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999). We observed that dismissal was proper because, as in this case, the lies were made "to intentionally thwart defendants from conducting discovery." Id.
In Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011 (Fla. 4th DCA 1997), we considered similar facts and came to a similar conclusion. The Savino plaintiff lied about obtaining a master's *1213 degree, which led his treating physician to miscalculate the severity of the brain damage that the plaintiff sustained in an accident. Id. at 1012. We concluded that the lie permeated the entire proceeding because it "went to the heart of the claim on damages" and "undermined the integrity of his [plaintiff's] entire action." Id.
The instant case presents evidence of fraud as compelling as Savino and Desimone. Here, the treating physician admitted to doctoring the records to prevent the defense from finding out about a fall that "exacerbated" Hogan's injuries. This evidence was central to Hogan's damage claim and demonstrated an intent to thwart the discovery process. Further, at a deposition, the defense specifically questioned Hogan about other injuries; he failed to mention the fall that caused him "excruciating" pain. Hogan's attorney knew of the injury. He knew that Hogan and the doctor had given false testimony regarding Hogan's medical history. Nonetheless, he did nothing but remain silent. Therefore, even though dismissal is a drastic remedy that should be used sparingly, under Savino and Desimone, the trial court was well within its power to dismiss the case with prejudice. See Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992).
To address a point raised at oral argument, since Jonah Hogan's main claim stands dismissed, so too must Julia Hogan's derivative claim for loss of consortium. See Rosenthal v. Rodriguez, 750 So.2d 703, 704 (Fla. 3d DCA 2000).
AFFIRMED.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] The Hogans's attorney in the trial court was not the attorney who handled this appeal.