813 So.2d 1030 (2002)
Joseph VIEIRA and Natalie Vieira, his Wife, Appellants,
v.
John DOE and Perera Investment, Inc., a Florida Corporation d/b/a Royal Limousines, Appellees.
Nos. 4D01-1286, 4D01-932.
District Court of Appeal of Florida, Fourth District.
April 10, 2002.
Rehearing Denied May 8, 2002.
*1031 David L. Perkins of Hoffman, Larin & Agnetti, P.A., North Miami Beach, for appellants.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Jeffrey A. Rubinton of Luks Koleos Santaniello, Fort Lauderdale, for appellees.
PER CURIAM.
Appellants and plaintiffs below, Joseph Vieira and Natalie Vieira, appeal the trial court's order granting appellees' motion to dismiss based on Joseph Vieira's alleged false and misleading answers to interrogatories and deposition testimony. Appellees cross-appeal contending that the trial court erred in denying their motion for costs, attorney's fees and sanctions. We find that the harsh sanction of dismissal was inappropriate and, therefore, do not address appellees' cross-appeal.
Appellants filed a complaint for damages in this case, alleging that on May 4, 1996, an unknown driver, "John Doe," while driving a limousine owned and operated by appellees, struck Joseph Vieira injuring him about his body and extremities. Appellees served Joseph Vieira with three sets of interrogatories, filed requests for production, and took his deposition testimony. Subsequently, appellees filed a motion to dismiss and/or strike plaintiffs-Vieiras' pleadings pursuant to Florida Rule of Civil Procedure 1.420(b), alleging that Joseph Vieira failed to disclose numerous pieces of information that were pertinent to the case. The trial court granted the motion finding that Joseph Vieira had misled the court.
We recognize that "`where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper.'" Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999)(quoting Savino v. Fla. Drive In Theatre Mgmt., Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997)). This power, however, "should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing." Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981). The standard of appellate review is whether the trial court abused its discretion in dismissing the case with prejudice. See Hogan v. Dollar Rent A Car Sys., Inc., 783 So.2d 1211, 1212 (Fla. 4th DCA 2001).
Upon a close review of the record, we find that while the record supports the finding that some of Joseph Vieira's responses to certain interrogatory questions concerning prior injuries and his prior record were not as straightforward as they could have been, the record also demonstrates that many of these questions were vague and imprecise. Indeed, most of the omissions in his answers were clarified in a subsequent set of interrogatories and in his deposition testimony. We find that, on balance, the alleged non-disclosures here are simply more appropriately the fodder for cross-examination than for dismissal of *1032 the complaint. Consequently, the record supports a finding that the trial court abused its discretion because there was no clear showing of fraud.
Accordingly, we find that the dismissal of appellants' lawsuit with prejudice was an inappropriate sanction, and reverse and remand to the trial court for furthering proceedings.
REVERSED and REMANDED.
STEVENSON, GROSS and HAZOURI, JJ., concur.