893 So.2d 645 (2005)
Diane J. TAYLOR, Appellant,
v.
Serafina A. MARTELL, a/k/a Sera Martell, Sera Martell Realty, Inc., Ronald N. Dubner, Harry Pearson, Jocelyne Richard, Melissa Polin, Constance T. Baron, and William E. Adams, Appellees.
No. 4D04-89.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
Michael D. Gelety, Fort Lauderdale, for appellant.
William R. Amlong, Karen Coolman Amlong, and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for appellees Serafina A. Martell, a/k/a Sera Martell, Sera Martell Realty, Inc., Harry Pearson, Jocelyne Richard, Melissa Polin, Constance T. Baron, and William E. Adams.
Louis Thaler of Louis Thaler, P.A., Coral Gables, for appellee Ronald N. Dubner.
GROSS, J.
Diane Taylor appeals the circuit court's order dismissing her second amended complaint with prejudice. Because Taylor perpetrated a fraud on the court, we find no abuse of discretion in the trial court's imposition of the ultimate sanction.
In bitterly disputed litigation, Taylor filed a second amended complaint against eight defendants, alleging numerous fraudulent acts pertaining to transactions in real property; she sought the remedies of injunctive relief, compensatory damages, punitive damages, possession of the properties, and to quiet title to certain condominium units. Appellee Sera Martell filed an eleven-count counterclaim against Taylor, including claims for fraud, breach of fiduciary duty, unjust enrichment, imposition of a constructive trust, and to quiet title.
On August 5, 2003, the defendants moved to dismiss the case with prejudice due to Taylor's misconduct. The trial court held an evidentiary hearing on September 2, 2003. Taylor was the only witness. At the hearing, the defendants clearly established that Taylor had committed a number of fraudulent acts relating to the properties involved:
1) She forged a warranty deed purporting to transfer a condominium unit that was the subject of the litigation from *646 appellee Ronald N. Dubner, Trustee, to herself. She cut and pasted Dubner's signature on the deed. She falsified the signatures of the "witnesses" to Dubner's signature. She cut and pasted an Illinois notary seal and signature on the document. She falsified the notary's statement that Dubner had presented his Florida driver's license to the notary, was sworn, and signed the document. She falsified grantee information, the sale price, and the grantee phone number on the deed. She recorded the deed in the public records.
2) Taylor executed a fraudulent form DR-219 from the Florida Department of Revenue indicating that Dubner had transferred the property to her for a price of $100.00.
3) Taylor fabricated and recorded a fraudulent Form UCC-1 financing statement which purported to give 51% ownership of appellee Sera Martell Realty, Inc. to a company owned by Taylor. The financing statement secured a claimed debt of $510,000, which the trial court found was close to the amount Taylor sought in a conversion count of her lawsuit. Taylor conceded that her intent in filing the document "was to cloud the title of Sera Martell Realty, Inc., so that somehow [she] could either secure or get paid $510,000."
4) Taylor did not "know how [her] signature got affixed" to documents relating to a condominium unit that she denied purchasing. However, when confronted with the originals, she was forced to concede that she had signed the documents.
5) Taylor claimed that a quitclaim deed purporting to transfer a condominium unit from her to Sera Martell had been fabricated and that she was the rightful owner of the unit. The trial judge found that Taylor had signed the original of the deed that Taylor claimed was a fabrication.
Observing that Taylor had been a "Florida licensed realtor for twenty years," the trial court concluded that she "absolutely knew that all the things she did were wrong."
We find no abuse of discretion in the trial court's dismissal of this case, because Taylor perpetrated a fraud on the court which permeated the entire proceedings. See Hogan v. Dollar Rent A Car Sys., Inc., 783 So.2d 1211, 1212 (Fla. 4th DCA 2001); Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999); Savino v. Fla. Drive In Theatre Mgmt., Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997).
This case is unlike those cases where we have held that the remedy of dismissal was too severe a sanction. For example, in Kornblum v. Schneider, 609 So.2d 138, 139-40 (Fla. 4th DCA 1992), the record did not establish that a plaintiff had any prior knowledge of her counsel's inclusion in the complaint of her husband's fraudulent claim. In both Arzuman v. Saud, 843 So.2d 950 (Fla. 4th DCA 2003), and Vieira v. Doe, 813 So.2d 1030 (Fla. 4th DCA 2002), there was no clear showing of fraud. The showing of fraud in this case went well beyond the requirement that a dismissal must be supported by "`a clear showing of fraud, pretense, collusion, or similar wrongdoing.'" Vieira, 813 So.2d at 1031 (quoting Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981)); see also Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). We agree with the trial judge that Taylor's dishonesty and fraud permeated the claims raised in the second amended complaint.
AFFIRMED.
KLEIN and MAY, JJ., concur.