FARMER, J.
 

 A final judgment in 1994 dissolved the marriage of the parties, incorporating their marital settlement agreement (MSA). Under the MSA the parties agreed that he would pay her child support for each minor child until they “reach the age of majority, marry, die, graduate from high school or becomes self supporting,
 
 whichever occurs first.”
 
 [e.s.] One of their children reached the age of majority while in her senior year of high school. Three months before the child reached the age of 18, the mother brought a proceeding to modify child support to require him to continue to pay after the child had reached majority and until the child graduates from high school. The trial judge entered a summary judgment concluding that the child’s passage to majority while still in high school constitutes a substantial change not contemplated by the parties when they agreed to the MSA and jointly prayed for the court to incorporate their agreement into the final judgment. We reverse.
 

 There is no ambiguity in the MSA and its consequent final judgment. The parties agreed that the occurrence of one of five singular events in the lives of a child' — majority, marriage, death, high school graduation, or self support — would terminate his duty of support. They explicitly agreed that any one of these events would end support if it was the first of the five variables to occur. In their five alternatives, they specifically listed both majority and graduation. It is simply a fiction to hold that these parents did not “contemplate” their child reaching the age of majority before graduation, when they specifically listed that very event as a possible terminating event.
 

 The mother argues that the MSA is against public policy in this regard, citing § 743.07(2).
 
 [1]
 
 She is mistaken. The
 
 *1253
 
 policy of requiring parents to support their children is limited to their minority and dependency. The statute does not itself require the parent to continue to support the child after reaching majority while in the last year of high school. Rather it merely authorizes the court to do so if the statutory conditions are met. The MSA does not conflict with that policy by voluntarily ending his support when the child reaches the age of majority while still in school. Nothing in § 743.07(2) bars parents from providing, as these parents did, that his duty of support ends with the majority of the child even though secondary education is not yet complete. Even if the statute could be read to require prior court approval of such a MSA, in this instance the final judgment of dissolution of marriage must necessarily be deemed to have provided such approval.
 

 She concedes that when they made the agreement the child was three years old and that she understood then that the child would reach majority in her senior year of high school. She argues, however, that the parties “misinterpreted” § 743.07(2). She adds she did not appreciate “the problem” until some two years after the final judgment. Assuming for the sake of argument that such a mistake of
 
 law
 
 (rather than fact)
 
 [2]
 
 would support relief from the MSA and its consequent judgment, the father has already fully performed his duties under their agreement. The triggering event was only days away when she filed this proceeding 14 years after the judgment, and had already occurred by the time the court entered its summary judgment granting the relief. We find error in the trial court’s decision.
 

 Reversed.
 

 WARNER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . § 743.07(2), Fla. Stat. (2007) ("[removing the disability of nonage for all persons 18 years of age] shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18
 
 *1253
 
 years when ... such person ... is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19”).
 

 [2]
 

 .
 
 See BMW of N. Am. Inc. v. Krathen,
 
 471 So.2d 585 (Fla. 4th DCA 1985),
 
 rev. denied,
 
 484 So.2d 7 (Fla.1986) (holding that a party to a consent judgment who later filed a motion for relief under rule 1.540(b) was not entitled to relief because she misunderstood the legal meaning of the agreement).