GROSS, C.J.
 

 We reverse that portion of an order dismissing a petition for modification of a dissolution judgment because the circuit court went beyond the allegations of the
 
 *706
 
 petition to decide the case after a hearing on the motion to dismiss.
 

 In 2006, the parties resolved their divorce with a marital settlement agreement that was incoi'porated into a final judgment. In pertinent part, the agreement required the husband to pay $1200 per month in child support until May 31, 2009; after that date, the agreement provided that he was to pay, as child support, $750 into a college educational account mutually selected by the husband and wife. Also, the husband was required to maintain health and dental insurance for the children and to pay non-reimbursed health expenses for the children until they graduated from high school.
 

 In April, 2009, the former wife filed a petition to modify the final judgment in two ways. First, she contended that the provision converting the $1200 monthly child support payment to a $750 payment into a college educational account was void as against public policy. Second, she said there had been a substantial change in circumstances, in part because the former husband’s income had increased since the final judgment, evidenced by a posting “on his website” that beginning in May, 2009, he was planning the “ ‘adventure of a lifetime’ by bicycling from Alaska to Patagonia.”
 

 The former husband moved to dismiss the petition. There was a hearing before a magistrate, where the former wife verified her petition and the former husband presented no evidence, but his lawyer represented that the former husband had been laid off. The former wife’s attorney argued that the trial court was limited to the allegations in the four corners of the petition.
 

 The circuit court ultimately granted the motion to dismiss, rejecting the public policy argument concerning the child support payment and finding the allegations about the former husband’s changed earnings to be “speculative in view of the motion to dismiss which represents that he is unemployed.”
 

 We affirm that portion of the order finding no public policy violation in the provision of the settlement agreement requiring the child support payment of $750 to be deposited into a college educational account. That provision did not “relieve” the former husband of “his duty to support his minor child entirely or permanently,” which would have been contrary to public policy.
 
 Lester v. Lester,
 
 736 So.2d 1257, 1259 (Fla. 4th DCA 1999) (quoting
 
 Brock v. Hudson,
 
 494 So.2d 285, 287 n. 3 (Fla. 1st DCA 1986)). Rather, the payment was directed into an account for the benefit of the child. The obligation of a parent to not waive or “otherwise ‘contract
 
 away
 
 their child’s right to support ... does not preclude [parents] from making contracts or -agreements concerning their child’s support so long as the best interests of the child are served.”
 
 Lester,
 
 736 So.2d at 1259 (internal citation omitted).
 

 We reverse that portion of the order dismissing the former wife’s claim that there had been a substantial change in circumstances because the former husband’s income had increased since the final judgment. In relying on the representations of the attorney that the former husband was unemployed, the court went beyond the four corners of the petition. The former husband contends that the court properly looked beyond the allegations of the petition because his former wife had committed a fraud on the court, since she knew that he had been fired.
 

 However, there was no evidentiary hearing or competent evidence that the former wife had committed fraud on the court, only the attorney’s representations during
 
 *707
 
 the motion hearing.
 
 See Gilbert v. Eckerd Corp. of Fla., Inc.,
 
 34 So.3d 773, 776 (Fla. 4th DCA 2010) (“It is the moving party’s burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal.” (citation omitted)). This lack of evidence distinguishes this case from
 
 Savino v. Florida Drive In Theatre Management, Inc.,
 
 697 So.2d 1011 (Fla. 4th DCA 1997), the primary case on which the former husband relies. In
 
 Savi-no,
 
 this court affirmed the dismissal of a plaintiffs personal injury action.
 
 Id.
 
 at 1012. The plaintiff had testified in a deposition that he was unable to work.
 
 Id.
 
 The defendant presented deposition testimony to the court that the plaintiff had worked since the accident, as well as evidence that the plaintiff had lied about his educational background and level of intelligence, which went to his damages.
 
 Id.
 
 This court affirmed because the plaintiff “lied about matters which went to the heart of his claim on damages,” and “the trial court has the right and obligation to deter fraudulent claims from proceeding in court.”
 
 Id.
 
 The level of evidentiary support that justified the dismissal in
 
 Savino
 
 is not present in this case.
 

 We therefore reverse in part and affirm in part and remand to the circuit court for further proceedings. We note that there is nothing to preclude the court from hearing evidence on the fraud on the court issue or from taking the bad faith litigation conduct of either party into account in setting attorney’s fees under
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997).
 

 STEVENSON and GERBER, JJ„ concur.