RAMIREZ, J.
 

 Alvin Gentry appeals the trial court’s decision to vacate an agreement and judgment establishing the amount of support for his minor child. Because the parties’ agreement is unambiguous and not against public policy, we reverse and remand for the trial court to reinstate the previous judgment.
 

 In 1995, Emma Morgan sued Gentry for paternity, and Gentry and Morgan settled the case. Pursuant to the settlement, child support was set at $1285 per month, but that amount was modified in 1999 after Morgan petitioned the court to increase the amount Gentry was required to pay. After the 1999 modification proceeding,
 
 *926
 
 Gentry and Morgan entered into a court-approved agreement that set child support at $2500 per month. Under the agreement, the amount was not to be modified unless certain conditions were met. Upward modification required proof that Gentry’s salary increased to $2.5 million per year, and downward modification required that Gentry’s salary drop below $500,000 per year. Gentry’s profession involves fluctuations in income. Although Gentry has enjoyed professional success since 1999, it is undisputed that during the relevant time, Gentry’s salary has not exceeded the $2.5 million per year threshold.
 

 In 2010 Morgan petitioned the trial court to modify the child support. Although the conditions set in the agreement have not been met, Morgan contends that the circumstances have changed, in a manner that could not have been foreseen, and consequently the amount of support should be modified. In particular, Morgan contends that increases in the ordinary cost of living for the child, such as educational and transportation expenses, have occurred since 1999, which justify modifying the agreed-upon terms. For example, at oral argument, Morgan’s counsel stated that additional funds from Gentry would facilitate the child’s attendance at rigorous and challenging schools which he has the opportunity to attend, but for which the cost of attendance is high.
 

 Gentry answered the complaint, asserting the agreement and earlier judgment as a defense to modification. Gentry then moved for summary judgment on this defense. In response, pursuant to Florida Rule of Civil Procedure 1.540 and Florida Family Law Rule of Procedure 12.540, Morgan requested the trial court vacate the 1999 judgment and re-open the issue of the appropriate amount of support, because she contended the judgment was void as a matter of Florida public policy. The trial court agreed, vacated the judgment as void against public policy for failure to account for changes in circumstances, and denied summary judgment because there were issues of fact regarding the appropriate amount of support. Gentry timely appealed the trial court’s order.
 

 Florida law does not, as a matter of public policy, preclude agreements between parents establishing the terms of child support. “The fact that parents may not waive or ‘contract away’ their child’s right to support does not preclude them from making contracts or agreements concerning their child’s support so long as the best interests of the child are served.”
 
 Lester v. Lester,
 
 736 So.2d 1257, 1259 (Fla. 4th DCA 1999) (citations omitted);
 
 see also Laussermair v. Laussermair,
 
 55 So.3d 705, 706 (Fla. 4th DCA 2011);
 
 Schmachtenberg v. Schmachtenberg,
 
 34 So.3d 28, 33 (Fla. 3d DCA 2010). “Where, however, the trial court has approved the parents’ agreement, including its child support provision, then the court is presumed to have determined that the amount of child support agreed upon was, as of that moment, in the best interests of the child,” and consequently, any later modification must be predicated upon a change of circumstances.
 
 Essex v. Ayres,
 
 503 So.2d 1365, 1367 (Fla. 3d DCA 1987);
 
 see also Rose v. Rose,
 
 8 So.3d 1251, 1252 (Fla. 4th DCA 2009).
 

 Here, the trial court erred by nullifying the 1999 agreement rather than enforcing it according to its terms. In entering into the 1999 agreement, the parties considered the child’s current and prospective needs, and possible changes in Gentry’s income. The trial court approved the agreement submitted by the parties. Absent proof of a substantial change in circumstances, the court may not modify the support order in this case. While there may be moral deficiencies in Gen
 
 *927
 
 try’s refusal to facilitate his child’s academic achievement, we cannot say these deficiencies require overriding an agreement that is legally valid. As a result, the trial court erred in ordering the agreement must be modified.
 

 Accordingly, we reverse the order entered below, and remand for the trial court to reinstate the 1999 court-approved agreement.
 

 Reversed.