NORTHCUTT, Judge.
Laura Mason seeks a writ of certiorari to quash a circuit court order that denied her amended motion to compel Russell Janssen’s compliance with discovery and directed that discovery would be permitted only if Mason filed a motion for modification of child support. We grant the petition.
The parties had a child in February 1994 and began litigating within a few months thereafter. In 1997, Mason filed a supplemental petition to establish child support, and Janssen .filed an answer and counter-petition to establish visitation. Mason also filed a motion for temporary child support. After mediation, the parties reached a settlement of some kind in January 1998. In April, the circuit court entered an order approving the mediated stipulation regarding temporary support. The court never entered a final order on the petition or counterpetition.
In the April 1998 temporary support order, Janssen’s child support obligation of $1286 was temporarily reduced to $800 a month. The order contemplated a rede-termination of child support in eight months. Apparently, that redetermination never occurred, and the parties were back in mediation in March 1999 and at impasse in April. They returned to mediation again in August of that year and were again at impasse in September.
There was virtually no record activity for the next four years. In 2004, Janssen filed a pro se motion for contempt, and the case was referred to a general magistrate but then continued. For another six years or so, there was no record activity in this case, nor was there a dismissal for failure to prosecute. See Fla. Fam. L. R. P. 12.420; Fla. R. Civ. P. 1.420.
In March 2010, Janssen filed a supplemental petition for modification and a motion to file dependency pleadings under seal. In August, Mason filed a motion to determine child support, and the parties engaged in some discovery. Mason subsequently filed a motion to compel discovery, which the court denied after a hearing.
Mason’s 2010 motion to determine child support referred to the 1997 petition and asserted that no final determination of support had ever been entered. Mason sought discovery from Janssen covering the last thirteen years. At the hearing on her amended motion to compel discovery, Mason argued that she was entitled to have her child support calculated. Jans-sen countered that the parties had agreed to the temporary support amount, which he had paid over the many years since. Janssen produced a 2001 letter from Mason’s former attorney to Janssen’s former attorney which seemed to indicate that the parties were settled on the support obligation. But this letter was not introduced into evidence. Janssen’s attorney stated that “if we want to have an evidentiary hearing on that, we can.”
In its order, the court found that
the parties had a tacit or implicit agreement between them based on the child support of $800.00 that has been ... paid about which no one has complained since them original agreement to modify child support dated April 2, 1998, which was approved in an Order Approving Mediated Agreement entered on April 15,1998.
The court further found “that there has been at least some settlement or agreement between the parties because payments were being made and accepted and no one complained.” The court denied Mason’s amended motion to compel and ordered “that if a proper petition for modi *43 fication of child support is filed herein, both parties shall comply with the Family Law Rules of Procedure with regard to exchange of financial information for a three year period preceding the filing of the petition.”
Mason argues that the order was a departure from the essential requirements of law because the court’s findings are not supported by competent, substantial evidence. The brief facts stated above were drawn largely from the circuit court docket, which Mason included in the appendix to her petition. In fact, the court took no testimony at the hearing, and there is no record evidence to support any of its findings. This constitutes a departure from the essential requirements of law. See Newman v. State, 174 So.2d 479, 481 (Fla. 2d DCA 1965) (holding that certiorari, while not available to review the weight of evidence, will lie to quash a judgment completely unsupported by any evidence (citing State Beverage Dep’t v. Willis, 159 Fla. 698, 82 So.2d 580 (1947)); see also Sylvia H. Walbolt and Leah A. Sevi, The “Essential Requirements of the Law” — When Are They Violated, 85 Fla. Bar. J. 21, 23-24 (Mar.2011) (discussing certiorari cases holding that the total lack of evidence constituted a departure from the essential requirements of law).
The issue, then, is whether Mason suffered irreparable harm, which is a jurisdictional precondition to certiorari relief. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). Orders denying discovery are generally not worthy of certiorari review; the harm can usually be corrected on appeal. Giacalone v. Helen Ellis Mem’l Hosp. Found., Inc., 8 So.3d 1232, 1234 (Fla. 2d DCA 2009). The same is true of orders dismissing claims without prejudice. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987) (“Ordinarily, orders on motions to strike or dismiss claims do not qualify for review by certiorari.”), superseded on other grounds by statute, § 768.72, Fla. Stat. (1989).
But we distinguish this order because it effectively ended Mason’s case. The child turned eighteen years old in February 2012. A motion for child support modification would not reach back into the case. See § 61.14(l)(a), Fla. Stat. (2010) (allowing modification of child support retroactively only to the filing date of modification request). Thus, Mason lacks a remedy on appeal. Accordingly, we grant the petition and quash the order.
We acknowledge the difficulty of the circuit court’s undertaking in this case. Its order was born of the procedural jumble caused by the parties’ failure to bring their original dispute to a proper conclusion many years ago. But if Janssen has a defense to Mason’s motion to determine child support based on settlement, estop-pel, laches, or the like, it can only be determined after proper pleading and proof. It was not appropriately advanced at a nonevidentiary discovery hearing.
Petition granted.
CRENSHAW and BLACK, JJ., Concur.