NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of M.W., a child.          )
                                           )
_____        )
                                           )
C.B.,                                      )
                                           )
          Petitioner,                      )
                                           )
v.                                         )          Case No. 2D15-3073
                                           )
THOMAS FISCHGRUND,                         )
                                           )
          Respondent.                      )
                                           )
_____        )

Opinion filed December 30, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Patrice Moore,
Judge.

Ita M. Neymotin, Office of Criminal Conflict
and Civil Regional Counsel, and Ngozi C.
Acholonu, Clearwater, for Petitioner.

Thomas N. Fischgrund, St. Petersburg, for
Respondent Thomas N. Fischgrund, Esq.,
Adoption Entity.

Anthony Marchese, Tampa, for Prospective
Adoptive Parent.

PER CURIAM.

C.B., the birth mother, petitions for a writ of certiorari seeking to quash the circuit court's order denying her motion to withdraw consent to the adoption of her child filed by regional counsel. The circuit court denied C.B.'s motion because the court found that C.B.'s first, privately retained counsel committed fraud on the court when she asserted that C.B. was not permitted to see her child until she signed the consent to adoption form. Because the court did not conduct an adequate evidentiary hearing to ascertain whether there was clear and convincing evidence of fraud and improperly imputed counsel's assertions to C.B., we grant the petition, quash the order, and remand for an evidentiary hearing.

The procedural history of this case is convoluted. C.B. purportedly consented to the adoption of her child on January 21, 2015. Approximately one month after giving her consent, she sent a letter to the judges of the Sixth Judicial Circuit stating that she consented to the adoption under duress. Importantly, C.B. did not allege in her letter or in her subsequent motion to withdraw consent that she was not permitted to see her child before she signed the consent paperwork. The circuit court treated C.B.'s letter as an objection to the adoption and convened a case management conference wherein C.B.'s private counsel orally asserted that C.B. was not permitted to see the child until she signed the consent paperwork. Following the case management conference, the court issued an order appointing an attorney from the Office of Criminal Conflict and Civil Regional Counsel to represent C.B. The court ordered newly appointed counsel to file a proper motion to withdraw consent by April 8, 2015, and set a pretrial conference for April 22, 2015. The adoption entity, "Thomas N. Fischgrund,

Esq.," objected to C.B.'s private counsel's representations, the appointment of regional counsel, and the setting of an evidentiary hearing.

Regional counsel timely filed the motion to withdraw consent, which did not include any of private counsel's allegations about limitations on C.B.'s access to the child at the hospital. Fischgrund then filed a motion for reconsideration of the court's order setting the evidentiary hearing. In his motion for reconsideration, he attached evidence refuting private counsel's statements at the case management conference that C.B. was unable to see her child until the consent paperwork was signed. Specifically, Fischgrund attached affidavits from the adoption agency representatives who attested that C.B. spent considerable time with her child before executing the consent form and that there was no evidence of duress. Fischgrund alleged that private counsel committed a fraud on the court when she falsely asserted that C.B. was not permitted access to her child prior to signing consent to the adoption. The motion for reconsideration did not respond to the grounds for relief alleged by regional counsel in the motion to withdraw consent. Shortly thereafter, private counsel filed a motion to withdraw.

On May 13, 2015, the trial court held an evidentiary hearing on Fischgrund's motion for reconsideration and private counsel's motion to withdraw from representation. Regional counsel's motion to withdraw consent was not noticed or addressed on the merits at this evidentiary hearing. Fischgrund argued that private counsel should not be allowed to withdraw until she disclosed to the court why she asserted that C.B. was not allowed to see her child until she signed the consent form. Fischgrund contended that there had been no testimony from either private counsel or

C.B. concerning the veracity of those assertions and requested the court interview private counsel in chambers. The court declined to interview private counsel and granted her motion to withdraw. Once the motion was granted, private counsel left the courtroom and the court ordered regional counsel to represent C.B. during the evidentiary hearing on Fischgrund's motion for reconsideration.

Regional counsel requested that the evidentiary hearing be continued because she had not had sufficient time to conduct discovery; when she filed the motion to withdraw consent she anticipated that the court would provide a timeline for discovery and ultimately a final hearing. However, the court overruled regional counsel's objection and commenced the hearing on Fischgrund's motion for reconsideration. The court heard testimony from Fischgrund's witnesses about C.B.'s significant contact with the child prior to consenting to the adoption. Regional counsel cross-examined the adoption entity's witnesses but did not call any witnesses on C.B.'s behalf.

Following the evidentiary hearing, the court granted Fischgrund's motion for reconsideration and found that C.B. committed fraud on the court based solely on private counsel's allegations at the earlier case management conference. The court denied any and all motions to withdraw or to set aside C.B.'s consent to adoption based on allegations of fraud or duress filed pro se or through counsel, concluding in essence that but for the fraud the court would not have scheduled an evidentiary hearing to consider the coercion claim. In this petition for writ of certiorari, C.B. petitions this court to quash the circuit court's order denying regional counsel's motion to withdraw consent as a sanction for the allegations raised by private counsel.

To be entitled to certiorari relief, C.B. must show that the trial court's order departs from the essential requirements of the law and results in material harm that cannot be corrected on postjudgment appeal. See In re S.C., 83 So. 3d 883, 887 (Fla. 2d DCA 2012). "[A] petitioner can demonstrate a departure from the essential requirements of the law by showing 'that the trial court made an error so serious that it amounts to a miscarriage of justice.' " Id. at 888 (quoting K.G. v. Fla. Dep't of Children & Families, 66 So. 3d 366, 368 (Fla. 1st DCA 2011)). Here, the court departed from the essential requirements of law when it found that C.B. had committed a fraud on the court without clear and convincing evidence, when it imputed private counsel's statements to C.B. without any evidentiary support, and when it dismissed C.B.'s motion to withdraw consent that was timely filed by regional counsel on April 8, 2015, as a sanction.

> [F]raud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense."

Howard v. Risch, 959 So. 2d 308, 310 (Fla. 2d DCA 2007) (quoting Cox v. Burke, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)). A finding of fraud on the court must be supported by clear and convincing evidence. Jacob v. Henderson, 840 So. 2d 1167, 1169 (Fla. 2d DCA 2003). Dismissal of the underlying action is a severe sanction and should be reserved for only the most extreme circumstances. Id.; see also Howard, 959 So. 2d at 311 ("Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of

- 5 -

impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim.").

The only basis for the court's finding that C.B. perpetrated fraud on the court was private counsel's representation that the adoption entity denied C.B. access to her child in order to pressure her into signing the consent form.  Neither regional counsel nor C.B. made any assertions regarding C.B.'s inability to see the child prior to consenting to the adoption.  The court's ruling was based entirely on what it characterized as "[private counsel's] testimony," which was not testimony at all but simply her unsworn argument.  See Hitt v. Homes & Land Brokers, Inc., 993 So. 2d 1162, 1166 (Fla. 2d DCA 2008) ("Unsworn statements of counsel do not establish facts."); Laussermair v. Laussermair, 55 So. 3d 705, 706-07 (Fla. 4th DCA 2011) (holding that without an evidentiary hearing former husband's counsel's representations alone did not amount to clear and convincing evidence that the former wife committed fraud on the court); Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So. 2d 1015, 1017 (Fla. 4th DCA 1982) (explaining that the "unsworn statements [of trial counsel] do not establish facts in the absence of stipulation," that "[t]rial judges cannot rely upon these unsworn statements as the basis for making factual determinations," and that the appellate "court cannot so consider them on review of the record").  This was not a sufficient evidentiary basis to support the court's finding of fraud on the court.

The statements made by private counsel during the case management conference should not have been imputed to C.B. without a proper evidentiary hearing.  See, e.g., Traylor v. State, 596 So. 2d 957, 979 (Fla. 1992) (Kogan, J., concurring in part, dissenting in part) (explaining that the acts of an attorney may be imputed to the

client except in circumstances involving fraud or violations of professional ethics). The record does not reflect that there was any evidentiary support for the trial court's finding that private counsel made the statements in reliance on information she received from C.B. Moreover, the limited record before us reflects that these representations were not consistent with or material to the allegations made by C.B. in her initial letter to the court or by regional counsel in the motion to withdraw consent. Under these circumstances, we conclude that relief is warranted. See Howard, 959 So. 2d at 313 (holding that the defendants failed to establish an entitlement to dismissal of the plaintiff's complaint when the alleged fraud was immaterial to any issue that would ultimately be presented to the fact finder). Because the evidence did not establish that C.B. committed fraud on the court or that private counsel's statements should be imputed to C.B., and because private counsel's unsworn statements were ultimately unrelated to any ground for relief raised by C.B. or regional counsel, the court's denial of C.B.'s motion to withdraw consent as a sanction for fraud on the court was error. See Howard, 959 So. 2d at 313; Laussermair, 55 So. 3d at 706-07. As such, Fischgrund did not meet his burden of proof to establish fraud on the court.

In summary, the circuit court departed from the essential requirements of the law when it held that C.B. committed fraud on the court without evidence establishing that C.B. set in motion an unconscionable scheme to interfere with the court's ability to impartially adjudicate this matter. See Mason v. Janssen, 113 So. 3d 41, 43 (Fla. 2d DCA 2012) ("[C]ertiorari, while not available to review the weight of evidence, will lie to quash a judgment completely unsupported by any evidence." (citing Newman v. State, 174 So. 2d 479, 481 (Fla. 2d DCA 1965))); see also Haines City

- 7 -

Cmty. Dev. v. Heggs, 658 So. 2d 523, 527 (Fla. 1995) ("It seems to be the settled law of this state that the duty of a court to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the remedy by due course of law [guaranteed by the Florida Constitution], if the judge fails or refuses to perform that duty." (alteration in original) (quoting State v. Smith, 118 So. 2d 792, 795 (Fla. 1st DCA 1960))).

For the foregoing reasons, we grant C.B.'s petition for writ of certiorari, quash the trial court's order denying C.B.'s motion to withdraw consent, and remand for an evidentiary hearing on regional counsel's motion to withdraw consent.

Petition granted.

SILBERMAN, CRENSHAW, and SLEET JJ., Concur.