IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT WILLIAM FARIS,

     Appellant,

 v.                                          Case No.  5D16-4037

SOUTHERN-OWNERS INSURANCE COMPANY,

     Appellee.

_____/

Opinion filed March 9, 2018

Appeal from the Circuit Court
for Orange County,
Margaret H. Schreiber, Judge.

Chad A. Barr and Heather M. Kolinsky, of
Law Office of Chad A. Barr, P.A., Altamonte
Springs, for Appellant.

Scott A. Cole, Melinda S. Thornton, and
David C. Borucke, of Cole, Scott & Kissane,
P.A., Miami, for Appellee.


PER CURIAM.

Robert William Faris appeals the trial court's dismissal of his complaint with prejudice.  Faris argues that the trial court abused its discretion when it dismissed his breach of contract claim against Southern-Owners Insurance Company ("Southern-Owners") as a sanction for proceeding with surgery in defiance of court orders.  We agree

with Faris that the sanction was too severe, and we therefore reverse and remand for further proceedings.

Faris was injured in an accident on September 12, 2014, when an uninsured motorist ran into his car as they were both driving north on I-85 through Georgia. Faris had an auto-insurance policy through Southern-Owners with $250,000 in uninsured-motorist coverage. Southern-Owners denied the claim, and Faris filed a breach of contract complaint. Discovery took place over the next eight months: Southern-Owners subpoenaed Faris's medical records and requested his prior medical history, employment history, and insurance-claim history.

On July 22, 2016, as a courtesy, Faris notified Southern-Owners that he would be undergoing spinal surgery on August 8 to fix a herniated disc. In response, Southern-Owners requested a compulsory medical examination ("CME") and provided two dates that fell before August 8. Faris notified Southern-Owners that he was not available for either of the dates provided, and Southern-Owners filed a motion to compel the CME, arguing that it had insufficient time to schedule a CME before Faris's surgery. After a hearing, the trial court granted the motion to compel and ordered Faris either to undergo a preoperative CME or postpone the surgery. The order also compelled Southern-Owners to provide Faris with two additional CME dates.

Southern-Owners, however, provided Faris with only one additional date falling before his scheduled surgery, August 3, and gave Faris less than twenty-four hours to confirm the appointment. Faris, who works for the City of Orlando, requested time off; but before it was approved, Southern-Owners informed him that the date was no longer

2

available. Southern-Owners then provided Faris with three more CME dates, each falling after the already-scheduled spinal surgery.

One week before the surgery, Faris filed a motion for a protective order allowing the CME to occur after the surgery, arguing that Southern-Owners had failed to present evidence that it would be prejudiced by a post-operative CME. Faris also argued that his preoperative x-rays, MRIs, and other records were already available. Southern-Owners contended that a preoperative CME was necessary to determine the nature and extent of the injuries Faris suffered in the accident. The trial court denied Faris's motion and ordered him to cancel the August 8 surgery.

On August 8, Faris underwent the surgery. Southern-Owners filed a motion for sanctions, arguing that Faris had willfully and contumaciously disregarded the trial court's orders, and requested that the trial court dismiss Faris's complaint with prejudice. At the hearing, Faris argued that he tried to schedule the preoperative CME for August 3 but was unable to get his request approved in time, that Southern-Owners had failed to provide two preoperative CME dates as ordered by the court, that Faris did not have a history of discovery abuses, and that delaying the surgery would have subjected him to needless pain and suffering. Faris filed his union contract, which specified that all personal leave must be requested in advance and approved, even emergencies. Finally, Faris argued that when he told Southern-Owners he was in the process of getting approval for the August 3 CME, Southern-Owners should have scheduled the appointment instead of letting it lapse.

The trial court granted the motion for sanctions, finding that Southern-Owners's failure to provide additional dates did not excuse Faris's refusal to postpone the surgery.

3

The trial court found that Faris showed a "willful, contumacious, and blatant disregard" of court orders by proceeding with surgery and that Faris had prejudiced Southern-Owners by preventing "a pre-surgical CME on the alleged physical injuries." The trial court therefore dismissed Faris's complaint with prejudice.

On appeal, Faris contends that the trial court's dismissal with prejudice was too harsh a sanction in light of his infraction. Faris argues that because Southern-Owners failed to show it was prejudiced by his noncompliance, dismissal with prejudice was too severe. While Faris acknowledges that, as one of the Kozel[1] factors, demonstrating prejudice was not required in this instance, he maintains that the factors are instructive. He contends that his preoperative medical records enabled Southern-Owners to determine the extent of the injuries he suffered as a result of the accident.

A trial court's decision to dismiss an action with prejudice as a sanction is reviewed for abuse of discretion. Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004). In exercising its discretion, a trial court must balance the impact of the sanction against the severity of the infraction. Id. at 499. Therefore, as the severest possible sanction, dismissal with prejudice "should be employed only in extreme circumstances." Id. at 495. While a litigant's willful disregard of trial court authority justifies dismissal with prejudice as a sanction, it does not require it. See id. The purpose of sanctions is not to punish but rather "to ensure compliance with the rules of civil procedure." Zafirakopoulous v. S. Miami Int'l Crabhouse Corp., 513 So. 2d 1353, 1354 n.1 (Fla. 3d DCA 1987). Thus,

---

[1] Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993). The Florida Supreme Court in Kozel created a list of factors "to assist the trial court in determining whether it should impose the extreme sanction of dismissal due to an attorney's behavior." U.S. Bank Nat'l Ass'n v. Rodriquez, 206 So. 3d 734, 737 (Fla. 3d DCA 2016). Both parties agree that the issue here is Faris's conduct, not his attorney's.

dismissal with prejudice is proper only if a less severe sanction "would fail to achieve a just result." Kozel, 629 So. 2d at 818. In general, "if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." Id.

In this case, we hold that the mitigating circumstances were such that the trial court abused its discretion in dismissing Faris's complaint with prejudice. To begin with, Faris was not required to notify Southern-Owners of the surgery in the first place—he could simply have scheduled and undergone the surgery without disclosing it. See Vega v. CSCS Int'l, N.V., 795 So. 2d 164, 167 (Fla. 3d DCA 2001) ("There is absolutely no obligation to preserve the status quo of a litigant's body for future examination by the opponent, except as provided in the rules of procedure or as otherwise ordered by the court."). We note parenthetically that Southern-Owners conceded during oral argument that Farris was not required to give notice of his scheduled surgery. Next, Southern-Owners failed to abide by the trial court's orders as well, when it provided Faris with only one date (instead of two) for completing his CME before surgery. Then, Southern-Owners gave Faris less than twenty-four hours to confirm the appointment, and instead of tentatively scheduling it while Faris waited for permission from his workplace, Southern-Owners simply let the date lapse. When Faris knew that a preoperative CME scheduled by Southern-Owners was no longer an option, he petitioned the trial court for a protective order allowing him to undergo the surgery. After the court denied it, finding that Faris's condition was not life-threatening, Faris attempted to schedule a preoperative CME himself, but failed. Only after exhausting these alternatives did Faris proceed with the surgery in defiance of the court's order.

5

We hold that under these particular circumstances, and in the absence of demonstrated prejudice to Southern-Owners, Faris's good-faith efforts to comply with the trial court's orders precludes dismissal with prejudice as a sanction. While Faris's noncompliance with the trial court's orders was willful, we find Faris's argument that he was in extreme pain both compelling and mitigating. Moreover, Faris's going forward with surgery was not part of a broader pattern of misconduct in discovery, as Faris had complied with every discovery request and order up to that point. Lastly, had Faris never informed Southern-Owners of the surgery, which he was under no obligation to do, Southern-Owners would be in the same position it finds itself in now, having access only to Faris's preoperative medical information, but without recourse to sanctions. This fact seriously weakens any claim to prejudice Southern-Owners might have. At the very least, Faris's noncompliance did not amount to such blatant disregard of authority, bad-faith conduct, or gross indifference to the trial court's orders as to evince "deliberate callousness." See Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983); Babe Elias Builders, Inc. v. Pernick, 765 So. 2d 119, 121 (Fla. 3d DCA 2000). Dismissal with prejudice should be reserved for the most severe infractions. See, e.g., Syrowik v. Bilmar Hotel, Inc., 666 So. 2d 554, 555 (Fla. 2d DCA 1995) (affirming dismissal with prejudice when litigant refused to appear at deposition, refused to submit to medical exam, faced "repeated motions for sanctions seeking to remedy her defiant refusal to cooperate," and lied to trial court about her whereabouts).

The purpose of the rules of civil procedure is to assist in "the orderly movement of litigation," and this purpose can generally be effected by sanctions less harsh than dismissal with prejudice. Kozel, 629 So. 2d at 818. Based on the particular facts and

6

circumstances of this case, and because there were lesser sanctions that could have ensured Faris's ongoing compliance, we hold that the trial court abused its discretion in dismissing Faris's complaint with prejudice. We therefore reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

SAWAYA, ORFINGER and LAMBERT, JJ., concur.